MARKMAN, J.
We granted leave to appeal in this case to consider whether the admission of testimony concerning defendant’s silence after his arrest, but before he was given Miranda warnings,[1] i.e., pre-Miranda silence, as substantive evidence of defendant’s guilt is error requiring reversal of defendant’s convictions. Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317, and failure to stop at the scene of an accident in which he was involved and that resulted in serious injury, MCL 257.617. Defendant appealed these convictions, contending that the prosecutor im *3 properly elicited testimony regarding his pre-Miranda silence. However, pursuant to its decision in People v Schollaert, 194 Mich App 158, 164-165; 486 NW2d 312 (1992), the Court of Appeals affirmed defendant’s convictions. We conclude that defendant forfeited the claim of error by not objecting to the prosecutor’s questions regarding defendant’s pr e-Miranda silence. Accordingly, we affirm defendant’s convictions.
I. BACKGROUND
On the afternoon of February 10, 1999, defendant and the victim, Harold VanDorn, met in a bar and decided to continue drinking together for the rest of the evening. By 10:00 P.M., both men were intoxicated. After visiting a fast-food restaurant and before reaching their next destination, the two men had a disagreement. They exchanged punches, which prompted VanDorn to leave the truck and start walking in the road.
Defendant drove away a short distance, but then made a U-turn and accelerated in VanDorn’s direction. By the time defendant reached VanDorn, the truck was traveling at approximately forty-five miles an hour. At that point, defendant steered across the centerline at VanDorn, striking and killing him. The police arrested defendant one-half mile from the scene after a preliminary breath test indicated that defendant had a blood alcohol level of 0.207 grams per 210 liters of breath.
Defendant was prosecuted for murder. He did not testify, but his attorney offered two explanations for the accident: first, the truck’s brakes and steering were defective; and second, defendant blacked out immediately before striking VanDorn. To rebut these explanations, the prosecutor called several mechanics who examined the truck’s brakes and concluded they were not defective. To further rebut these explanations, the *4 prosecutor, during his case-in-chief, elicited the following testimony of the arresting officer, Officer Cacicedo:[2]
Q. At any point in time that evening, did the defendant indicate to you that he had lost control of the truck?
A. No.
Q. Did he ever indicate to you that there was any mechanical defect with the truck?
A. No.
Q. Did he ever indicate to you that he blacked out that evening?
A. No.
Q. Did he ever indicate to you that he couldn’t remember things that happened that evening?
A. No.
Defendant never objected to this testimony, nor did the prosecutor make any further comment at trial concerning this testimony. Defendant was convicted of second-degree murder and leaving the scene of an accident involving serious injury. The court imposed concurrent prison terms of twenty to fifty years for murder and two to five years for leaving the scene of a serious accident.
Defendant appealed, contending that his convictions must be reversed because the prosecutor violated his Fifth Amendment right against compelled self-incrimination by impermissibly eliciting testimony regarding his pre-Miranda silence. However, pursuant to Schollaert, supra at 164-165,[3] the Court of Appeals affirmed defendant’s convictions and stated, “The challenged testimony did not concern silence during custo *5 dial interrogation or silence in reliance on Miranda warnings. Therefore, defendant’s silence was not constitutionally protected.” Unpublished opinion per curium, issued July 20, 2001 (Docket No. 223059). This Court granted defendant’s application for leave to appeal. 467 Mich 896 (2002).
II. STANDARD OP REVIEW
Unpreserved claims of constitutional error are reviewed for “plain error.” People v Carines, 460 Mich 750, 764; 597 NW2d 130 (1999).
IÜ. ANALYSIS
A. FORFEITED ERROR
Defendant asks us to review a claim of error that he did not preserve at trial. We thus apply the principles articulated in Carines, supra at 763:
To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.... Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant’s innocence. [Citations and internal quotation marks omitted.]
Accordingly, in order for defendant to avoid forfeiture, he must show that the prosecutor’s questions regarding his pr e-Miranda silence affected his substantial rights. *6 That is, he must show that the prosecutor’s questions affected the outcome of the lower court proceedings.
The prosecutor’s evidence against defendant included two eyewitnesses. The first, John Dalling, testified that defendant slowly drove past the victim, made a sharp U-turn in the middle of the road, crossed two lanes while accelerating toward the victim, hit the victim, and then drove on. He stated, “it’s like he got in position and pretty much just went straight at him, across both lanes and went into the middle turning lane and hit him head on.” When asked if defendant’s truck picked up speed after he made the U-turn, Dalling stated, “Yes, it did. It was like if he just gunned it.” According to Dalling, after defendant hit the victim, he made another U-turn and slowly drove past the victim’s body. Dalling further testified that he did not notice any problems with the truck, i.e., it was not veering in and out of lanes. He also testified that he did not hear any brakes or tires squeal before defendant struck the victim. Nor did he see any brake lights come on before defendant struck the victim. According to Dalling, defendant did not make any attempt to swerve away from the victim.
A second eyewitness, Matt Walsh, was driving toward defendant’s truck, in light traffic with clear visibility, when he noticed defendant’s headlights veer sharply and he saw the victim go over defendant’s hood. Walsh stopped his truck in front of the victim and got out to help. Walsh saw defendant’s truck return to pass the victim slowly and then drive away.
Further, the prosecutor introduced two expert witnesses who testified that defendant’s truck was mechanically sound. Specifically, one expert witness concluded that the steering and braking mechanisms were worn, but in working condition. Neither of the prosecu *7 tor’s expert witnesses found mechanical difficulties in the truck that would have caused defendant to lose control of the vehicle or swerve uncontrollably, or that would have prevented defendant from stopping the truck. Indeed, even defendant’s expert witness conceded that, when he drove the vehicle, it always stopped when the brakes were applied and it did not deviate course from one lane to another.
Given this evidence of defendant’s guilt, we conclude that the prosecutor’s questions regarding defendant’s pre-Miranda silence, even if error, did not affect the outcome of the lower court proceedings. In other words, defendant would have been found guilty independent of the prosecutor’s questions regarding defendant’s pre-Miranda silence. Therefore, because defendant has not met his burden of establishing that the alleged error affected the outcome of the lower court proceedings, he is unable to avoid forfeiture.[4] He has forfeited his claim *8 of error by not objecting to the prosecutor’s questions regarding his pr e-Miranda silence.[5]
ra CONCLUSION
Because defendant failed to object to the prosecutor’s questions regarding defendant’s pre-Miranda silence and these questions did not affect the outcome of the lower court proceedings, defendant has forfeited his claim of error. Accordingly, we affirm defendant’s convictions.
Corrigan, C.J., and Cavanagh, Kelly, Taylor, and YOUNG, JJ., concurred with MArkMAN, J.

 Miranda v Arizona, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

 The prosecutor elicited similar testimony from Officers Hillman and Siladke, both of whom assisted in the stop of defendant’s vehicle.

 We have no occasion to consider the decision reached by the Court of Appeals in Schollaert in light of our disposition of this case under Cannes.

 Because we conclude that the prosecutor’s questions did not affect the outcome of the lower court proceedings, it is unnecessary to determine if the prosecutor’s questions were permissible and “it is an undisputed principle of judicial review that questions of constitutionality should not be decided if the case may he disposed of on other grounds.” J & J Constr Co v Bricklayers and Allied Craftsmen, 468 Mich 722, 734; 664 NW2d 728 (2003).
In response to the partial concurrence and partial dissent, we can only state that it is not to “evade” a constitutional issue for this Court, after full consideration of the arguments, to reach the conclusion that a matter may adequately be resolved by means other than constitutional analysis. Indeed, it is incumbent on a court of law to do exactly this. While it would he convenient if the decisions of this Court were always defined by the terms of our grant orders, in the real world, in which arguments are sometimes unanticipated and in which briefs and oral arguments often shed new light upon the issues presented by a case, no responsible court can decide cases in such a constricted manner. No such court can be oblivious to the fact that its initial estimation of the issues presented by a case may have been imperfect.

 Because the admission of evidence regarding defendant’s preMiranda silence did not affect the outcome of the lower court proceedings, i.e., defendant was not prejudiced, defendant’s claim of ineffective assistance of counsel is also without merit. People v Pickens, 446 Mich 298, 338; 521 NW2d 797 (1994).