WEAVER, J.
(concurring). I agree with the result and most of the reasoning of the majority opinion. I write separately because the general principle that “ ‘questions of constitutionality should not be decided if the case may be disposed of on other grounds,’ ” ante, pp 347-348 n 4 (citation omitted), does not necessarily apply in criminal cases. As I stated in my partial concurrence and partial dissent in People v McNally, 470 Mich 1, 10-11; 679 NW2d 301 (2004),
... that general principle does not apply here [in a criminal case]. The phrase used by the majority is a convenient and often-used shorthand for the principle that “Considerations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of Congress [or the Legislature] unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it.” Ashwander v Tennessee Valley Auth, 297 US 288, 341; 56 S Ct 466; 80 L Ed 688 (1936) (Brandeis, J., concurring).
One of the earliest applications of this rule in Michigan was in 1874, when this Court said “any consideration of the constitutional question might have been waived, upon the ground that a legislative act should not be declared unconstitutional unless the point is presented in such a form as to render its decision imperative . ...” Weimer v Bunbury, 30 Mich 201, 218 (1874).
The reasons behind such judicial restraint include the delicacy and finality of judicial review of legislative acts, separation of powers concerns raised by ruling on the acts *352 of the other two branches of government, and the need to show respect for the other two branches of government. See Rescue Army v Muni Court of Los Angeles, 331 US 549, 571; 67 S Ct 1409; 91 L Ed 1666 (1947), and Kloppenberg, Avoiding serious constitutional doubts: The supreme court’s construction of statutes raising free speech concerns, 30 UC Davis LR1, 13-14 (Fall, 1996).
These concerns are not implicated here, because the constitutionality of an act of the Legislature or the Governor is not at issue. In deciding whether the defendant’s postarrest, pre-Miranda silence was admissible in the prosecutor’s case-in-chief, the Court would not be ruling on the validity of a legislative or executive decree, but on a lower court’s decision whether to admit certain testimony. See Kloppenberg, Avoiding constitutional questions, 35 B C L R 1003, 1054 (1994).
But I agree that in this case it is not necessary to address the constitutional issue when the Court has concluded that the admission of the evidence was harmless.