PEOPLE v SHAFIER

Docket No. 267192. Submitted May 10, 2007, at Traverse City. Decided
      October 30, 2007, at 9:00 a.m. Leave to appeal granted, 480 Mich
      1193.

  Harold E. Shafier, III, was convicted by a jury in the Allegan Circuit
      Court, George R. Corsiglia, J., of two counts of second-degree
      criminal sexual conduct, MCL 750.316(1), involving his minor
      adopted daughter. The defendant appealed.

    The Court of Appeals *held*:

    The prosecutor's repeated references to the defendant's silence
      after the defendant was informed of his right to remain silent
      amounted to constitutional error. However, because the defendant
      has not established that this error affected his substantial rights,
      reversal is not required.

    Affirmed.

    DAVIS, J., dissenting, would hold that the defendant established
      error requiring reversal, stating that defense counsel twice objected
      to the prosecutor's impermissible references to the defendant's
      silence, and, although counsel did not object to the final such
      reference during closing argument, the resulting breach of the
      defendant's constitutional rights was neither minor nor accidental
      and its effect on the jurors was impossible to gauge, particularly in
      light of the fact that the jury was initially deadlocked.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Frederick L. Anderson*, Prosecuting
Attorney, and *Douglas E. Ketchum*, Assistant Prosecut-
ing Attorney, for the people.

*Donald R. Cook* for the defendant.

Before: SCHUETTE, P.J., and O'CONNELL and DAVIS, JJ.

  SCHUETTE, P.J. Following a jury trial, defendant was
convicted of two counts of second-degree criminal

sexual conduct, MCL 750.520c(1)(b) (victim between 13 and 16 years of age and actor related to victim by affinity). Defendant was sentenced to 71 to 180 months' imprisonment. Defendant now appeals as of right. Although the prosecutor erroneously commented at trial about defendant's post-*Miranda*[1] silence, we conclude that defendant has failed to show that his substantial rights were affected by the error. Therefore, we affirm.

### I. FACTS

Defendant and his wife adopted the victim and her three biological sisters in 1995, when the victim was approximately four years old. In this tragic case, the victim testified that defendant sexually assaulted her on a daily basis from July 3, 2004, through January 2, 2005. She claimed that defendant initiated the abuse by touching her on the exterior of her clothing and kissing her. However, the abuse progressed to direct touching by defendant of the victim's breasts, buttocks, and vagina, and the victim indicated that defendant eventually performed oral sex on her and that she performed the same on him. At the time of the sexual assault, the victim was 13 years old.

When asked to recall the details of any specific instance of abuse, the victim had a hard time doing so. However, she did recall that one of her sisters walked into the room on one occasion when defendant was performing oral sex on her, and she relayed a variety of specific details of this alleged incident. But at the time of her January 3, 2004, forensic interview, the victim claimed that defendant touched her on two occasions and she did not report that the abuse included oral sex.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

One of the victim's sisters testified that she walked in on defendant and the victim when they were standing close to each other, as if they had been kissing. She also testified that defendant sexually abused her during a two-year period, when she was 11 to 13 years of age. Another of the victim's sisters testified that she observed defendant performing oral sex on the victim. Defendant took the stand in his defense and denied touching the victim or any of his other daughters inappropriately.

The jury announced that they were deadlocked after just two hours of deliberation. The trial court instructed them to continue to deliberate. On the second day of deliberations, the jury acquitted defendant of three counts of first-degree criminal sexual conduct, MCL 750.520b, but convicted him of two counts of second-degree criminal sexual conduct. Defendant now appeals.

## II. PROSECUTORIAL MISCONDUCT

Defendant's sole claim on appeal is that the prosecutor's repeated reference to his silence at the time of his arrest was error requiring reversal. We disagree.

### A. STANDARD OF REVIEW

We review defendant's unpreserved claim of constitutional error for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

### B. ANALYSIS

Caselaw is clear that, under certain circumstances, prosecutorial comment on a criminal defendant's exercise of the constitutional right to remain silent in the

face of accusation violates his Fourteenth Amendment[2] right to due process. *Doyle v Ohio*, 426 US 610, 618-619; 96 S Ct 2240; 49 L Ed 2d 91 (1976); *People v Dennis*, 464 Mich 567, 573-574; 628 NW2d 502 (2001); *People v Sain*, 407 Mich 412, 415-416; 285 NW2d 772 (1979); *People v Bobo*, 390 Mich 355, 359; 212 NW2d 190 (1973). With very limited exceptions,[3] a defendant's silence after he or she has been informed of his or her right to remain silent under *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966), may not be used as evidence against him or her because "*Miranda* warnings carry an implicit assurance that silence in reliance on those warnings will not be penalized." *Dennis, supra* at 574. Here, the record is unambiguous with regard to the timing of defendant's silence because the arresting officer testified that he immediately informed defendant of his *Miranda* rights at the time of his arrest. Therefore, the prosecutor's use of the evidence of defendant's post-*Miranda* silence for impeachment purposes and as substantive evidence of his guilt in the prosecutor's case-in-chief presents a constitutional question. *People v Alexander*, 188 Mich App 96, 104-105; 469 NW2d 10 (1991). While a single, inadvertent reference to post-*Miranda* silence may not amount to constitutional error, deliberate "use" of this evidence against a defendant does. *Dennis, supra* at 579-580.

In this case, the prosecutor's references to defendant's silence were not inadvertent and they were numerous. The prosecutor specifically inquired about defendant's silence during his case-in-chief. The pros-

---

[2] US Const, Am XIV.

[3] Such exceptions include, for example, where a defendant made a valid *Miranda* waiver, *People v McReavy*, 436 Mich 197, 218-220; 462 NW2d 1 (1990), or to contradict a defendant's assertion that he made an exculpatory statement to the police at the time of his arrest. *People v Sutton* (*After Remand*), 436 Mich 575, 579, 464 NW2d 276 (1990).

ecutor followed up on the statement of the arresting officer that defendant made no comment at the time of his arrest by asking the following question: "So he never made any statement to you. He was fully aware of what you were arresting him for?" On cross-examination, the arresting officer acknowledged that he followed the instruction of the detective in charge of defendant's case not to question defendant. On redirect examination, the arresting officer and the prosecutor engaged in the following exchange:

> *Q.* [Y]ou didn't interview the defendant, but he didn't make any statements about the CSC charge, did he?
>
> *A.* No, he did not.
>
> *Q.* Never asked you about it?
>
> *A.* No, he did not.

On cross-examination of defendant, the prosecutor asked him why he did not speak to the arresting officer about the criminal sexual conduct allegations:

> *Q.* But yet you didn't say a single word about being arrested for criminal sexual conduct. Is that right?
>
> *A.* When I got to the police station—
>
> *Q.* Yes or no. Is that right?
>
> *A.* Yes.

The prosecutor asked a pair of questions regarding whether defendant went to the police or to child protective services officials to declare his innocence following his arrest. The trial court sustained defense counsel's objection to the first of these questions without asking him to state a basis for the objection. When defense counsel objected to the second question, he stated that the question violated the attorney-client privilege. Following a bench conference, which was not recorded, the prosecutor moved on to a different line of questioning.

Additionally, during closing arguments, the prosecutor harkened back to the testimony. Significantly, defense counsel did not object to the prosecutor's closing argument. The prosecutor stated that "this case is about many lies" and argued that defendant's lies began at the time of his arrest.

> What we heard is that the defendant made no statements. We heard that he didn't ask Officer LaBonte any questions. Why? You're being arrested for CSC. You're being taken out of your home on a Sunday night. Why? Why? Because defendant had his daughter do things that no person speaks about.

The prosecution asserts on appeal that defendant's silence after his arrest was not attributable to the invocation of his right to remain silent and, therefore, there was no error in using it against him. *People v McReavy*, 436 Mich 197, 218-220; 462 NW2d 1 (1990). However, there is no evidence that defendant made a valid *Miranda* waiver, which would permit evidence of his silence to be used as substantive evidence of his guilt. *Id.* at 221-222. The arresting officer testified that defendant maintained his silence regarding the allegations of criminal sexual conduct after he had been provided with *Miranda* warnings and that he was not asked any questions about those allegations. Therefore, unlike *McReavy*, this is not a case of selective silence in response to questioning. *Id.* at 212. See also *People v Cetlinski (After Remand)*, 435 Mich 742, 749; 460 NW2d 534 (1990) (holding that "when an individual has not opted to remain silent, but has made affirmative responses to questions about the same subject matter testified to at trial, omissions from the statements do not constitute silence"). Here, the prosecutor asked the jury to infer that defendant was guilty because he did not take the affirmative step of questioning the arrest-

ing officer about the charges against him or declaring his innocence to law-enforcement officials. Consequently, we find that the prosecutor's comments on defendant's post-*Miranda* silence amounted to constitutional error.

Nonetheless, because defendant's objection is unpreserved, reversal is required only if he establishes plain error that affected his substantial rights. *Carines*, *supra* at 763-764. Indeed, in *Carines*, our Supreme Court instructed:

> To avoid forfeiture under the plain error rule, three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights. . . . The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Id.* at 763.]

Further, the defendant bears the burden of persuasion with respect to prejudice. *Id.* Reversal is warranted only when the unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence. *Id.*

Viewing the prosecutor's improper comments in light of the defense arguments and the other evidence admitted, we hold that defendant has not established plain error affecting his substantial rights. *Carines, supra* at 763. While we acknowledge that the prosecutor's use of defendant's post-*Miranda* silence here was arguably more extensive and deliberate than comparable cases in which Michigan appellate courts have declined to find that similar breaches of *Miranda* affected the outcome of the proceedings below, see, e.g., *People v McNally*, 470 Mich 1, 7-8; 679 NW2d 301 (2004); *Dennis, supra* at

578-579; *Sain, supra* at 415-416; *People v Truong (After Remand)*, 218 Mich App 325, 336-337; 553 NW2d 692 (1996), in light of the other evidence of defendant's guilt of second-degree criminal sexual conduct, we conclude that defendant has not demonstrated that the prosecutor's erroneous questions and comments regarding his post-*Miranda* silence affected the outcome of the lower court proceedings.

We affirm.

O'CONNELL, J., concurred.

DAVIS, J. (*dissenting*). I respectfully dissent.

I fully agree with the majority's recitation of the facts in this case and of the applicable law. However, the majority reaches an anomalous conclusion on the basis of those facts and law. The majority's conclusion is wrong.

The majority's decision apparently rests on the feeble fulcrum of defense counsel's having only objected twice to the prosecutor's constitutionally impermissible references, made on three separate occasions.

The trial court sustained defense counsel's initial objection but apparently did not give a curative instruction. The second objection was dealt with at the bench, and there is no record of what was said by and between counsel and the court. The third, and probably most egregious, breach occurred in the prosecutor's closing argument. It was not objected to by defense counsel, but neither was it addressed by the trial court.

The constitutional rights we are charged with preserving under the Fourteenth Amendment are not those of the trial judge or defense counsel. They are rights afforded to *all* defendants under our system of criminal justice, no matter how odious the alleged

crime. The majority correctly observes that this is a tragic case. But it is impermissible to abrogate constitutional rights for that reason. Those rights were impermissibly breached in this case, and as the majority notes, those breaches were neither minor nor accidental. There is no way to know what effect those breaches had on the jurors' minds, particularly considering the jurors' initial announcement that they were deadlocked. In the parlance of the trial bar, this amounted to a bell that could not be unrung.

I believe that defendant has made the requisite showing of constitutional error requiring a new trial.