# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KOWASE DELVOLUN SCROGGINS,

Defendant-Appellant.

UNPUBLISHED
July 18, 2017

No. 332623
Saginaw Circuit Court
LC No. 15-040949-FH

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of operating while intoxicated causing death (OWI causing death), MCL 257.625(4)(a), operating while license suspended, revoked, or denied causing death, MCL 257.904(4), and operating with a high blood alcohol content (BAC), MCL 257.625(1)(c). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to consecutive prison terms of 15 to 30 years for OWI causing death, 10 to 25 years for operating while license suspended, revoked, or denied causing death, and 180 days for operating with a high BAC, with credit for 657 days served. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from an automobile accident that took the life of Adoniss Mitchner. Mitchner was a passenger in a sport utility vehicle (SUV) driven by defendant. When Saginaw Police Department Officer Tyler Williamson arrived at the accident scene, Mitchner was lying in a parking lot being attended to by emergency medical personnel. Defendant was still in the SUV. Williamson stated that he later spoke to defendant at the hospital and noted that defendant's speech was "slow and slurred," and that he "emitt[ed]" a "strong odor of intoxicants." At trial, defendant agreed that his toxicology report "indicate[d] that [he] had a blood alcohol level at or near the time of the accident of .195."[1] Defendant testified that when turning onto Remington street, he "came around the curve too hard," that his SUV "bumped,

---

[1] The legal limit for operating a vehicle is a BAC of .08 grams per 100 milliliters of blood. A BAC of more than .17 grams per milliliters of blood is subject to higher penalties under MCL 257.625(1)(c) and (4)(b).

-1-

rubbed the curb," and that when he attempted to steer the SUV away from the curb, Mitchner "grabbed the steering wheel" and "yanked it to the side," causing defendant to lose control of the SUV.

Saginaw City Police Department Officer Nicholas Jacobs testified that, based on his observations of the accident site, the SUV was going too fast for the turn it was attempting to make, and the driver "jerked [the vehicle] to the right . . . too hard," "out of reaction" to being "bounced off the curb to the left," causing the vehicle to slide sideways. Jacobs opined that a passenger could not have turned the steering wheel in such a manner. According to Jacobs, the vehicle hit a large cement and metal pole in the parking lot, which "caused severe penetration into the vehicle" that "bent the frame and . . . caused the vehicle to go into a roll." Mitchner died from the complications of a "blunt force head trauma."

Defendant argued that Mitchner's grabbing of the steering wheel constituted "a superseding factor or intervening act" between defendant's actions and Mitchner's death. The trial court instructed the jury regarding intervening and superseding causes and proximate cause. Defendant was convicted as described. This appeal followed.

After filing his claim of appeal, defendant moved this Court for a remand so that he could seek a new trial and an evidentiary hearing on his claim of ineffective assistance of counsel. In support, defendant attached an offer of proof, signed by his appellate counsel, stating that a witness, Peris Smith, would testify to a prior occasion on which Mitchner, while a front-seat passenger in Smith's car, had grabbed the steering wheel.[2] Defendant asserted that his trial counsel was aware of Smith and failed to contact him or call him as a witness. This Court denied the motion "for failure to persuade the Court of the necessity of a remand at this time."[3]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel was ineffective because he failed to investigate the testimony of a potential witness, Smith, whom he alleges could have corroborated the theory that Mitchner's actions were a superseding cause of his own death. We disagree. "[W]hether a defendant had the effective assistance of counsel 'is a mixed question of fact and constitutional law.'" *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), quoting *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

To prove ineffective assistance of counsel, a defendant must first prove that "counsel's performance fell below an objective standard of reasonableness under prevailing professional

---

[2] Also filed with the motion for remand was an affidavit of defendant stating that both Smith and another witness, Twin Holmes, had had such experiences with Mitchner. Neither the motion to remand nor the offer of proof referenced Holmes, however, nor does defendant's brief on appeal. Defendant did not file an affidavit from either Smith or Holmes.

[3] *People v Scroggins*, unpublished opinion per curiam of the Court of Appeals, entered December 1, 2016 (Docket No. 332623).

norms." *People v Galloway*, 307 Mich App 151, 158; 858 NW2d 520 (2014), rev'd on other grounds 498 Mich 902 (2015) (quotation marks and citation omitted). Second, the defendant "must show that the deficient performance prejudiced" him. *Id*. (quotation marks and citation omitted). Prejudice occurs when "it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).

In order to convict defendant of OWI causing death, the prosecution was required to prove beyond a reasonable doubt that defendant's operation of a "motor vehicle cause[d] the death of another person." MCL 257.625(4). Similarly, a conviction for operating while license suspended, revoked, or denied causing death requires proof that a defendant "by operation of [a] motor vehicle[] cause[d] the death of another person." MCL 257.904(4). Both crimes are delineated in the Michigan Vehicle Code, MCL 257.1 *et seq*., which defines "operate" or "operating" as "[b]eing in actual physical control of a vehicle," MCL 257.35a.

To prove that a defendant's actions "caused" a victim's death, the prosecution must prove both factual and proximate cause. *People v Feezel*, 486 Mich 184, 194; 783 NW2d 67 (2010). "Factual causation exists if a finder of fact determines that 'but for' defendant's conduct the result would not have occurred." *Id*. at 194-195. Proximate causation "is a legal construct designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural." *People v Schaefer*, 473 Mich 418, 436; 703 NW2d 774 (2005). Proximate cause requires a finding that "the victim's injury [was] a direct and natural result of the defendant's actions." *Id*. A causal connection can be interrupted if "there was an intervening cause that superseded the defendant's conduct" that is reasonably unforeseeable. *Id*. at 436-437. Unforeseeable conduct includes gross negligence, which "means wantonness and disregard of the consequences which may ensue." *Feezel*, 486 Mich at 195. Wantonness refers to conduct "indicating that the actor is aware of the risks but indifferent to the results and usually suggests a greater degree of culpability than recklessness." *Id*. at 196 (quotation marks and citation omitted).

Defendant argues that Smith would have testified to a previous incident in which Mitchner grabbed the steering wheel of Smith's car while Smith was driving, which defendant argues would have corroborated his theory that there was an intervening cause between defendant's actions and Mitchner's death. In support, defendant cites the offer of proof and his affidavit, both attached to his motion to remand filed in this Court, in which he maintains that he informed his counsel before trial about the testimony that Smith could provide.

Defendant's argument on appeal, even if considered along with defendant's offer of proof, does not establish that his trial counsel was ineffective. Defendant merely asserts that a witness (Smith) would testify that Mitchner grabbed the steering wheel of another vehicle while a front-seat passenger on a prior occasion. Defendant argues that this testimony would "corroborate" his testimony that Mitchner grabbed the steering wheel on this occasion. We disagree. First, the testimony would not address in any fashion (or corroborate) what occurred on this particular occasion. Second, defendant makes no argument whatsoever regarding how this testimony would be admissible. He does not explain, for example, how this testimony would be admissible in light of MRE 404(a), which prohibits the introduction of just this sort of character or trait evidence in order to prove conduct in conformity therewith on a particular occasion. Defendant also does not address MRE 406, which also does not aid defendant because

even if both witnesses (only one of whom was even the subject of the offer of proof) testified that Mitchner had grabbed the steering wheel of a vehicle on a prior occasion, even two incidents do not constitute the sort of "[e]vidence of habit and routine" that is "admissible to prove conformity therewith." *Cf People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008) (noting that "substantial testimony" revealed that "the victim had a lifelong fear of the dark and that she routinely avoided being alone outdoors at night."), see also *Cook v Rontal*, 109 Mich App 220, 224-225; 311 NW2d 333 (1981), superseded on other grounds, *Lewis v LeGrow*, 258 Mich App 175; 670 NW2d 675 (2003) (noting that "[t]he Michigan cases addressing [the issue of what constitutes a habit] and admitting evidence of habit, although few in number, have likewise referred to such evidence as establishing a set pattern or evidence of something that is done routinely or has been performed on countless occasions.") (quotation marks and citations omitted).

Further, even if the testimony was admissible, defendant has not demonstrated that it was outcome determinative in light of the evidence presented that he was intoxicated, was driving at an excessive speed, and had hit a curb while turning the SUV. Defendant himself admitted at trial that he lost control of the car while driving too fast. The jury could have concluded, even if they believed that Mitchner had grabbed the steering wheel, that his action did not constitute an intervening or superseding cause.[4]

We therefore conclude, considering only facts and mistakes apparent from the record, that defendant has failed to establish the factual predicate for his claim of ineffective assistance of counsel. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Even considering defendant's offer of proof, we conclude that defendant has not established that his trial counsel was ineffective. *Galloway*, 307 Mich App at 158; *Fyda*, 288 Mich App at 450.

## III. RIGHT TO PRESENT A DEFENSE

Defendant also argues that by prohibiting his cross-examination of Jacobs regarding whether Mitchner was in possession of cocaine on the night of the accident, the trial court deprived him of his constitutional right to present a defense. We disagree.

Defendant's assertion that the trial court erroneously sustained plaintiff's objection to defendant's questioning of Jacobs regarding Mitchner's alleged narcotics possession is preserved, but defendant did not argue in the trial court that the decision to exclude that evidence deprived him of his constitutional right to present a defense, leaving this constitutional argument unpreserved. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) ("For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court."). We review the trial court's decision to exclude questioning on the

---

[4] Although we do not base our decision on the following, we note that Mitchner's alleged conduct in grabbing the steering wheel of a speeding SUV driven by an intoxicated driver who had just struck a curb may well be considered a desperate attempt to save his life, rather than an action taken wantonly or with an indifference to the consequences of that action. *Feezel*, 486 Mich at 195.

subject for an abuse of discretion, *People v Brownridge*, 459 Mich 456, 464-465; 591 NW2d 26, amended on other grounds 459 Mich 1276 (1999), and the unpreserved constitutional argument for plain error affecting substantial rights, *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

"A criminal defendant has a right to present a defense under our state and federal constitutions." *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006), citing US Const, Ams VI and XIV; Const 1963, art 1, §§ 13, 17, 20. " '[A]t a minimum . . . criminal defendants have the right to . . . put before a jury evidence that might influence the determination of guilt.' " *Id*., quoting *Pennsylvania v Ritchie*, 480 US 39, 56; 107 S Ct 989; 94 L Ed 2d 40 (1987) (altered here; ellipses in *Anstey*). Incorporated into this right are "[t]he rights to confront and cross-examine witnesses." *Chambers v Mississippi*, 410 US 284, 294; 93 S Ct 1038; 35 L Ed 2d 297 (1973).

However, the right to present a defense "is not an absolute right." *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012) (quotation marks and citation omitted). Thus, rules excluding evidence "do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Unger*, 278 Mich App at 250 (quotation marks and citations omitted). Michigan's rules of evidence are "designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012) (quotation marks and citations omitted). Accordingly, "the right to present a defense extends only to relevant and admissible evidence." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 254 (2016) (quotation marks and citation omitted).

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "[E]vidence is relevant if two components are present, materiality and probative value." *Feezel*, 486 Mich at 197 (quotation marks and citation omitted). Materiality concerns whether the evidence goes to "any fact that is of consequence," and the probative value of the evidence speaks of its capacity or tendency "to make the existence of any [material] fact . . . more probable or less probable that it would be without the evidence." *Id*. (quotation marks and citations omitted). "[R]elevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court." MRE 402. Irrelevant evidence "is not admissible." MRE 402.

Defendant argues that evidence that Mitchner possessed cocaine is relevant because it corroborates defendant's testimony that Mitchner used cocaine on the night of the accident,[5] which defendant asserts supports his theory that Mitchner grabbed the steering wheel just before the accident occurred. Defendant argues that this case is analogous to *Feezel*, 486 Mich at 188-

---

[5] Defendant testified at trial that both he and Mitchner had used cocaine on the night in question.

189, in which the "extremely intoxicated" victim, who was "walking down the middle of the road, with his back to oncoming traffic," was struck and killed by the defendant's vehicle. The trial court excluded evidence of the victim's BAC as irrelevant. *Id*. at 189. Our Supreme Court concluded that the trial court abused its discretion in doing so because the evidence was relevant to whether the victim was grossly negligent and whether the defendant's conduct proximately caused the victim's death. *Id*. at 191-192, 199, 201-202. Specifically, the Supreme Court reasoned that "the victim's extreme intoxication was highly probative of the issue of gross negligence, and therefore causation, because the victim's intoxication would have affected his ability to perceive the risks posed by his conduct and diminished his capacity to react to the world around him." *Id*. at 199.

In this case, however, defendant sought to elicit evidence regarding Mitchner's possession of cocaine at the time of the accident, not his use of cocaine before the accident. But evidence that Mitchner may have possessed cocaine on his person at the time of the accident is neither a necessary nor a sufficient component of proving his intoxication from cocaine. Additionally, proving Mitchner's intoxication was neither necessary nor sufficient to prove that Mitchner grabbed the steering wheel of the SUV. Defendant could thus assert his defense without having to prove that Mitchner possessed cocaine at the time of the accident, and proof of possession would in any event not have significantly aided his defense.

Any link between Mitchner's alleged possession of cocaine and the element of causation was therefore too speculative to render the trial court's exclusion of the evidence outside the range of principled outcomes. *Lane*, 308 Mich App at 51. Because the evidence was properly excluded as irrelevant, the trial court did not deprive defendant of his constitutional right to present a defense. *McNally*, 470 Mich at 5.

Affirmed.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra