*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MAURICE LAMONT VINSON-JACKSON,

      Defendant-Appellant.

UNPUBLISHED
July 21, 2022

No. 358690
Wayne Circuit Court
LC No. 17-010934-01-FC

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing after remand by this Court. We affirm.

## I. BACKGROUND

This case arises from the fatal shooting of Demarko Randle. After a five-day trial, the jury convicted defendant of second-degree murder, MCL 750.317; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was initially sentenced to 35 to 70 years' imprisonment for second-degree murder, two to five years' imprisonment for CCW, and two years' imprisonment for felony-firearm. Defendant appealed his sentences, and argued: (1) he was deprived of a fair trial; (2) ineffective assistance of counsel; (3) offense variable 6 (OV 6) was improperly assessed; and (4) the assessments of court costs constituted an unconstitutional tax. This Court issued an unpublished opinion affirming defendant's convictions, but remanding for resentencing. *People v Vinson-Jackson*, unpublished per curiam opinion of the Court of Appeals, issued March 12, 2020 (Docket No. 344742). Defendant applied for leave to appeal to our Supreme Court, which was denied. *People v Vinson-Jackson*, 506 Mich 919; 948 NW2d 567 (2020).

Defendant was resentenced on remand, and the trial court fixed the score for OV 6, reviewed the presentence investigation report (PSIR), and heard arguments from the parties. Defendant requested the trial court sentence him in the middle of the revised sentencing guidelines range, which was 225 to 375 months' imprisonment, because he was sentenced in the middle of the sentencing guidelines range previously. The prosecutor requested the trial court either go above the sentencing guidelines range and sentence defendant to 35 to 70 years' imprisonment, or

sentence defendant at the top of the sentencing guidelines range. The trial court sentenced defendant to 30 to 60 years' imprisonment for second-degree murder, two to five years' imprisonment for CCW, and two years' imprisonment for felony-firearm.

In this second appeal, defendant argues that the trial court abused its discretion because the sentence is not proportional to the crime because he does not have a criminal record. Defendant also contends this Court should deem MCL 769.34(10) invalid to the extent it requires this Court to affirm sentences within the sentencing guidelines, and this Court should overrule, in part, its decision in *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), as being in conflict with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *People v Steanhouse*, 500 Mich 453, 471-472; 902 NW2d 327 (2017).

## II. PRESERVATION AND STANDARD OF REVIEW

To preserve a challenge to a sentence within the sentencing guidelines range, the issue must be "raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). See also MCL 769.34(10). Defendant did not raise any of his sentencing challenges at sentencing, in a motion for resentencing, or a motion to remand; rather, defendant presents the arguments for the first time on appeal. Thus, his arguments are unpreserved.

"[T]he standard of review to be applied by [this Court in] reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471. "We review de novo constitutional challenges to sentencing decisions." *People v Posey*, 334 Mich App 338, 355; 964 NW2d 862 (2020), citing *People v Skinner*, 502 Mich 89, 99; 917 NW2d 292 (2018).

"Unpreserved claims of constitutional error are reviewed for 'plain error.' " *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004), citing *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Unpreserved claims of nonconstitutional errors are also reviewed for plain error. *Carines*, 460 Mich at 764. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. A showing of prejudice typically requires a showing that "the error affected the outcome of the lower court proceedings." *Id*. If those requirements are satisfied, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation, quotation marks, and brackets omitted).

## III. ANALYSIS

Defendant argues that this Court should determine that part of MCL 769.34(10) is invalid under *Lockridge*, 498 Mich at 399, and that the statute violates the Sixth Amendment to the United States Constitution, US Const, Am VI, because it effectively makes the sentencing guidelines mandatory. Defendant further contends that this Court should overrule the portion of *Schrauben* that affirms the use of MCL 769.34(10). Defendant believes that the trial court abused its

discretion in resentencing defendant to 30 to 60 years' imprisonment because the sentence is not proportionate to the crime. We disagree. Because defendant's arguments are unpreserved, they will be subject to plain error review. *Carines*, 460 Mich at 764.

The Sixth Amendment to the United States Constitution states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. [US Const, Am VI.]

MCL 769.34(10) states, in part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. . . .

In *Lockridge*, our Supreme Court determined that the sentencing guidelines violated the Sixth Amendment right to a jury trial. *Lockridge*, 498 Mich at 364. In consideration of *United States v Booker*, 543 US 220, 233; 125 S Ct 738; 160 L Ed 2d 621 (2005), our Supreme Court declared the sentencing guidelines advisory. *Lockridge*, 498 Mich at 365. After *Lockridge*, this Court has noted: "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1. See also *People v Anderson*, 322 Mich App 622, 636-637; 912 NW2d 607 (2018) (using MCL 769.34(10) and *Schrauben* to find "[b]ecause the trial court sentenced [the defendant] within the applicable sentencing guidelines range, this Court need not evaluate [the defendant's] sentences for reasonableness and must affirm his sentences unless there was an error in the scoring or the trial court relied on inaccurate information.").

Defendant argues that this Court should overrule *Schrauben* to the extent it affirmed the use of MCL 769.34(10), and declare MCL 769.34(10) invalid regarding its requirement that this Court affirm sentences within the sentencing guidelines. Turning first to the issue of whether MCL 769.34(10) is constitutional or valid, defendant relies on *Booker* to argue that the statute violates the Sixth Amendment. In *Booker*, the Supreme Court determined that federal sentencing guidelines violated the Sixth Amendment because they were "mandatory and binding on all judges." *Booker*, 543 US at 233. The Supreme Court stated: "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." *Id.* "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within the statutory range." *Id.*

Defendant argues that, although *Lockridge* made the sentencing guidelines advisory, MCL 769.34(10) effectively makes the guidelines mandatory by precluding appellate review, which is contrary to the Sixth Amendment. "[S]tatutes are presumed to be constitutional, and we have a

duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Skinner*, 502 Mich at 110 (quotation marks and citation omitted). "That is, assuming that there are two reasonable ways of interpreting [the statute at issue]–one that renders the statute unconstitutional and one that renders it constitutional–we should choose the interpretation that renders the statute constitutional." *Id*. at 110-111.

It is not "clearly apparent" that MCL 769.34(10) is unconstitutional. *Id*. at 110. MCL 769.34(10) does not violate the Sixth Amendment, for the reasons stated in *Booker*, 543 US at 233, because, under the current sentencing guidelines scheme, the sentencing guidelines are not mandatory on all judges. MCL 769.34(10) leaves trial courts free to exercise discretion in sentencing defendants, including discretion to sentence defendants outside the sentencing guidelines range. Thus, MCL 769.34(10) does not require sentencing courts to follow the statutory sentencing guidelines. Moreover, as recognized by this Court in *Posey*, MCL 769.34(10) "does not and cannot preclude *constitutional* appellate challenges to a sentence," such as arguments that a sentence constitutes cruel and unusual punishment. *Posey,* 334 Mich App at 357. See also *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (determining MCL 769.34(10) does not preclude appellate review of claims of constitutional error).

MCL 769.34(10) also allows this Court to review challenges to sentences within the statutory guidelines if the sentence was premised on inaccurate information or if the sentence was miscalculated. In contrast, when the statutory sentencing guidelines were mandatory, the trial court could only depart from the guidelines if there were substantial and compelling reasons to do so. *Lockridge*, 498 Mich at 415 n 8 (MARKMAN, J., dissenting). The restriction in MCL 769.34(10) is more lenient and again, does not place restrictions on sentencing courts. Thus, MCL 769.34(10) does not create the same constitutional violation present in *Booker* or *Lockridge*, and is not clearly violative of the Sixth Amendment. This conclusion is further supported by binding precedent, because this Court in *Posey* already rejected the constitutional argument defendant advances on appeal. In that case, this Court recognized its decision in *Schrauben* and *Anderson*, and applied MCL 769.34(10) to preclude the review of the defendant's challenges to the reasonableness of his sentence. *Posey*, 334 Mich App at 356-357.

Defendant argues that this Court should overrule *Schrauben*, which this Court cannot do, because under MCR 7.215(J)(1), "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals." Our Supreme Court has not overruled *Schrauben*, and there are no conflicts in this Court regarding that decision. Accordingly, this Court is bound by *Schrauben*. MCR 7.215(J)(1).

Even if this Court agreed with defendant's position, this Court could not overrule *Schrauben* in this decision; rather, this Court could articulate its disagreement with *Schrauben*, and follow the procedures in MCR 7.215(J) to convene a special panel, which may only be convened "to determine whether the particular question is both outcome determinative and warrants convening a special panel to rehear the case for the purpose of resolving the conflict." MCR 7.215(J)(3)(a). Only after a special panel is created, and the panel considers the issue creating the conflict, could this Court then issue a published opinion and order contrary to *Schrauben* that is binding on this Court "unless reversed or modified by the Supreme Court." MCR

7.215(J)(6); see also MCR 7.215(J)(2) through (6) (stating the procedures this Court should follow if it disagrees with an earlier published opinion issued by this Court, the requirements for creating a special panel, and the binding nature of an opinion issued by the special panel).

With those principles in mind, we note that *Posey* is pending before our Supreme Court, which ordered the parties to brief the issue "whether the requirement in MCL 769.34(10) that the Court of Appeals affirm any sentence within the guidelines range, absent a scoring error or reliance on inaccurate information, is consistent with the Sixth Amendment, the due-process right to appellate review, and [*Lockridge*]." *People v Posey*, 508 Mich 940, 940; 964 NW2d 362 (2021). However, until our Supreme Court issues a decision, this Court is bound by existing precedent, because "a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2).

In light of that analysis, MCL 769.34(10) is valid and applicable to this Court and this case. Notably, defendant does not advance a constitutional argument regarding his sentence—he merely argues that it is not proportional under *Milbourn*, 435 Mich at 636. While "grossly disproportionate sentences may constitute cruel and unusual punishment," this Court distinguishes between "proportionality" as it relates to constitutional rights, and "proportionality" as it relates to "reasonableness review of a sentence, which is not constitutional in nature." *Posey*, 334 Mich App at 358. Defendant does not challenge the accuracy of the information the trial court relied on in sentencing defendant, nor does he argue that there was an error in the calculation of the sentencing guidelines range. Thus, in light of binding precedent and MCL 769.34(10), this Court must affirm defendant's sentences. Because we are bound by MCL 769.34(10), we decline to address defendant's proportionality argument.

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood