# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVID ROSS AMES,

       Defendant-Appellant.

UNPUBLISHED
August 10, 2017

No. 333239
Hillsdale Circuit Court
LC No. 16-403777-FH

Before: HOEKSTRA, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of second-degree home invasion, MCL 750.110a(3); and conspiracy to commit second-degree home invasion, MCL 750.110a(3); MCL 750.157a. The trial court sentenced defendant to concurrent terms of 2 to 15 years' imprisonment. For the reasons explained in this opinion, we affirm defendant's convictions, but we remand for further proceedings relating to the accuracy of the advisory minimum sentence guideline range considered by the trial court when sentencing defendant.

Defendant's convictions arose out of a home invasion that occurred in November 2015. In particular, defendant and two co-conspirators—Erika Webb and Jonathan Lewis—broke into a home located on South Pittsford Road in Hillsdale County and stole jewelry, an iPad, and a camera. The group later sold the jewelry at a pawn shop and used the proceeds to purchase heroin. Webb and Lewis received plea deals, in exchange for which they testified against defendant at trial, detailing his participation in the home invasion and the sale of the property. In addition, police found 60 pieces of jewelry in the home that defendant shared with Webb, including jewelry taken from the Pittsford house. Around the time of the robbery, defendant also gave a pair of diamond earrings to a girlfriend.

Defendant testified at trial. Defendant denied planning or carrying out the home invasion, and he claimed that Webb and Lewis committed the home invasion on their own. However, defendant admitted that he pawned the jewelry taken from the Pittsford home and that, when he did so, he assumed the jewelry was stolen. Defendant also conceded that, after pawning the jewelry, he and the others split the money three ways and used it to purchase heroin. He also

-1-

acknowledged that he gave his girlfriend a pair of earrings, though he claimed he stole the earrings from Webb and not the Pittsford house. The jury convicted defendant as noted above.[1]

## I. PROSECUTORIAL MISCONDUCT

On appeal, defendant first argues that he was deprived of a fair trial because the prosecutor improperly shifted the burden of proof to defendant. Specifically, defendant contends that the prosecutor committed misconduct during rebuttal by asserting that defendant's version of events was not plausible and by commenting on the lack of evidence corroborating defendant's testimony. With regard to Webb and Lewis, defendant also asserts that it was improper for the prosecutor to attempt to bolster their credibility by arguing that they received no benefit from their plea deals. We disagree.

Defendant failed to preserve his claim of prosecutorial misconduct, meaning that his claim is reviewed for plain error. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Defendant may obtain relief only if "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "No error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001) (quotation marks and citation omitted).

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "[W]e consider issues of prosecutorial misconduct on a case-by-case basis by examining the record and evaluating the remarks in context, and in light of defendant's arguments." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *Unger*, 278 Mich App at 236. However, a prosecutor may not attempt to shift the burden of proof to a defendant by, for example, commenting "on the defendant's failure to present evidence" or by implying "that the defendant must prove something or present a reasonable explanation for damaging evidence." *People v Fyda*, 288 Mich App 446, 463; 793 NW2d 712 (2010).

While a prosecutor may not attempt to shift the burden of proof, this does not mean that a prosecutor may not attack the credibility of a theory advanced by a defendant at trial. *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005). Once the defendant advances a theory of the case, the prosecutor may comment on the weakness of the defendant's theory and the defendant's failure to call corroborating witnesses. *People v Fields,* 450 Mich 94, 111; 538 NW2d 356 (1995); *People v Reid*, 233 Mich App 457, 478; 592 NW2d 767 (1999). A

---

[1] At trial, Webb and Lewis testified that they and defendant also committed a second home invasion at a house on Camden Road. Although defendant was also charged with second-degree home invasion and conspiracy to commit second-degree home invasion as to the Camden Road home, the jury found him not guilty of these charges. As part of their plea bargain, the charges relating to the Camden Road house were dropped against Webb and Lewis. Lewis and Webb pleaded guilty to breaking and entering with intent with regard to the Pittsford home.

prosecutor may also argue that "inculpatory evidence is undisputed." *Fyda*, 288 Mich App at 464. Further, a prosecutor may argue from the evidence that witnesses are credible or, conversely, that witnesses, including a defendant, are unworthy of belief. *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997).

In this case, defendant has not shown plain error arising from the prosecutor's rebuttal argument. The defense theory of the case, as evident from defendant's testimony and defense counsel's closing arguments, was that Webb and Lewis committed the home invasion on their own, that defendant's only involvement was in the sale of jewelry to obtain money for heroin, and that Webb and Lewis lied about defendant's involvement in exchange for a plea deal and a 23 months' sentence. In response to this theory, it was not improper for the prosecutor to attack the credibility of defendant's version of events. Specifically, the prosecutor reasonably argued that it "doesn't make sense" to suppose that Webb and Lewis would share the proceeds of the home invasion, and the resulting heroin, with defendant if he did not participate in the theft. The prosecutor also permissibly challenged defendant's credibility in light of the "self-serving" nature of his testimony, the lack of corroborating evidence for his version of events, and defendant's admitted role in selling the jewelry and partaking in the heroin purchased with the proceeds. Further, the prosecutor was free to argue that Webb and Lewis were worthy of belief. Contrary to defendant's arguments on appeal, the prosecutor did not suggest that Webb and Lewis received no benefit for their testimony against defendant. Rather, based on the evidence, in response to defense counsel's claims that Webb and Lewis lied in exchange for a deal, the prosecutor remarks during rebuttal simply questioned the validity of defendant's theory by pointing out that the plea deal still required each witness to serve nearly two years in prison. Ultimately, the prosecutor's rebuttal argument did not shift the burden to defendant, particularly when the prosecutor expressly prefaced his rebuttal by reminding the jury that defendant "doesn't have a burden" and it is the prosecutor's burden to provide proof beyond a reasonable doubt. Defendant has not shown plain error, and he is not entitled to relief on appeal. See *Unger*, 278 Mich App at 235.

## II. PRESENCE AT SENTENCING

On appeal, defendant offers a variety of challenges to his sentence, and he claims that he is entitled to resentencing. First, defendant contends that he is entitled to resentencing because he was not physically present in the courtroom during sentencing. This argument is without merit because defendant waived his right to appear in person and consented to being sentenced via videoconference.

A defendant has the right to be physically present at a felony sentencing. *People v Heller*, 316 Mich App 314, 318-321; 891 NW2d 541 (2016). However, a defendant may waive his right to be present during the imposition of his sentence. *People v Palmerton*, 200 Mich App 302, 303-304; 503 NW2d 663 (1993). A defendant's waiver of the right to be present is valid where he had specific knowledge of his right and intentionally abandoned the protection of that right. *Id.*

In this case, defendant signed a document indicating that he "consent[ed] to being sentenced by means of electronic transmission at his current place of incarceration in lieu of his physical appearance in the Hillsdale County Circuit Court and does hereby waive his appearance

for this purpose." This language indicates that defendant was aware of his right to be physically present at the sentencing hearing and that he intentionally abandoned that right. See *id.* Having waived this right, defendant cannot now seek appellate review because his waiver has extinguished any error. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

### III. OV 14

Defendant next argues that the trial court erred by assessing 10 points for offense variable (OV) 14. According to defendant, Webb was the leader who chose which homes to rob, while in contrast defendant "merely did what she said." As such, defendant contends that he should have been scored zero points for OV 14.

In scoring decisions under the sentencing guidelines, this Court reviews for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 14 concerns an offender's role in the crime and should be assessed at 10 points if "[t]he offender was a leader in a multiple offender situation." MCL 777.44(1)(a). When three or more offenders are involved in a crime, more than one offender "may be determined to have been a leader." MCL 777.44(2)(b). Although the term "leader" is not statutorily defined, this Court has previously construed the term by its dictionary definition:

> According to *Random House Webster's College Dictionary* (2001), a "leader" is defined in relevant part as "a person or thing that leads" or "a guiding or directing head, as of an army or political group." To "lead" is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting. [*People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014).]

In this case, in terms of defendant's role, Webb and Lewis testified that defendant invited Lewis to participate in the home invasion, that defendant broke the door to gain access to the Pittsford Road home, and that defendant provided his ID to sell the stolen items. Given this evidence, it was reasonable for the trial court to conclude that defendant was—if not *the* leader— at least *a* leader in the multiple-offender situation. See MCL 777.44(2)(b). Consequently, the trial court did not err by scoring OV 14 at 10 points. MCL 777.44(1)(a).

### IV. PENDING & DISMISSED CHARGES

Defendant next argues that the trial court erred in considering dismissed and pending charges against him. In particular, at sentencing, based on information contained in the presentence investigation report (PSIR), the trial court stated that it was considering defendant's pending charges for home invasion and conspiracy for other acts that defendant committed with Webb and Lewis in Lenawee County. Additionally, the trial court mentioned that, while on probation, defendant was arrested for carrying a concealed weapon, though that charge had been dismissed. Defendant now maintains that the trial court could not consider the facts underlying

these offenses because the prosecutor did not prove the occurrence of these crimes by a preponderance of the evidence. We disagree.

"A sentencing court is allowed to consider the facts underlying uncharged offenses, pending charges, and acquittals." *People v Coulter*, 205 Mich App 453, 456; 517 NW2d 827 (1994). There is a presumption that the information contained in the PSIR is accurate, and the trial court is generally entitled to rely on that information. *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015). However, the sentencing court must allow the defendant an opportunity to challenge the facts relied upon, and, if challenged, those facts must be substantiated by a preponderance of the evidence. *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007).

At sentencing, defendant was given the opportunity to challenge the information contained within the PSIR, and defendant did not do so. Accordingly, the unchallenged facts contained within the PSIR retained their presumption of accuracy, and the prosecutor was not required to substantiate them by a preponderance of the evidence. See *id.* Thus, the trial court did not err in considering defendant's dismissed and pending charges as set forth in the PSIR. See *Coulter*, 205 Mich App at 456. And, defendant is not entitled to resentencing on this basis.

## V. GUIDELINES RANGE

Defendant next argues that he is entitled to resentencing because the trial court relied on an inaccurate sentencing guidelines range when sentencing defendant. Undisputedly, defendant's advisory sentencing range under the legislative guidelines is 12 to 24 months. However, at sentencing the trial court stated that defendant's sentencing range was 24 to 57 months. While the prosecutor contends that the trial court simply "misspoke" at sentencing, on the facts of this case, we find it necessary to remand for clarification.

When sentencing a defendant, the trial court must determine the applicable guideline range under the legislative sentencing guidelines and, though the resulting guideline range is merely advisory, the court must "take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). The guideline range considered by the trial court must be accurate because a defendant is entitled to be sentenced based on accurate information. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). If a sentencing court relies on an incorrect guidelines range, the sentence is invalid and a defendant is entitled to be resentenced on the basis of accurate information. *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006). See also MCL 769.34(10).

In this case, the parties agree that the proper sentencing guidelines range was 12 to 24 months. The Sentencing Information Report (SIR), which was signed by the sentencing judge, accurately states that the guideline minimum range is 12 to 24 months. However, when sentencing defendant, the trial court stated as follows:

> The guidelines come out to 24 to 57 months. I'm not going to treat you any differently, Mr. Ames, than your two co-defendants.

The trial court subsequently sentenced defendant to a minimum of 24 months' imprisonment. Webb and Lewis were sentenced previously to 23 months' imprisonment based on sentencing guidelines ranges of 5 months to 23 months.

Clearly, the trial court's oral statements conflict with the signed SIR, and the court's oral statements do not accurately reflect the appropriate guideline range. The prosecutor asserts that the trial court simply misspoke and that, consistent with the court's intention to treat defendant like Webb and Lewis, the trial court sentenced defendant to the top of his correct sentencing range—12 to 24 months—just as Webb and Lewis were each sentenced to the top of their respective sentencing ranges, i.e., 23 months based on a range of 5 to 23 months. The prosecutor's argument appears plausible, particularly in view of the accurate SIR. However, it is similarly plausible that the trial court inadvertently considered the incorrect guidelines range—24 to 57 months—and sentenced defendant to 24 months because that was the minimum sentence, in the 24 to 57 months range, most similar to Webb's and Lewis's 23 month minimum sentences. On the record available, we cannot conclude whether the trial court simply misspoke or whether the trial court relied on inaccurate information. Consequently, we remand this case for a determination of whether the trial court relied on inaccurate information. The trial court should clarify whether it relied on the 24 to 57 months range or whether it sentenced defendant based on the understanding that the advisory range was 12 to 24 months. If it is determined that the trial court relied on the incorrect sentencing range, the trial court shall resentence defendant based on accurate information. See *Maben*, 313 Mich App at 556. Otherwise, defendant's sentence is affirmed. See MCL 769.34(10).

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant also argues that defense counsel rendered ineffective assistance of counsel during sentencing by failing to raise the sentencing issues now advanced by defendant on appeal. Because OV 14 was properly scored, any challenge by counsel would have been futile and counsel is not ineffective for failing to raise a futile objection. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). With respect to defendant's presence at sentencing, defendant waived his right to be physically present, and we see no basis on which to find counsel ineffective based on defendant's knowing waiver of this right. Cf. *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014); *People v Simmons*, 140 Mich App 681, 686; 364 NW2d 783 (1985). In terms of the trial court's consideration of pending and dismissed charges, defendant offers no reason to suppose that counsel could have successfully challenged the accuracy of information in the PSIR, meaning that we cannot conclude that counsel performed unreasonably or that counsel's performance affected the outcome. See *Ackerman*, 257 Mich App at 455. Finally, given our determination that the case should be remanded for clarification of the sentencing range considered by the trial court, defendant's claim that counsel was ineffective for not objecting to the range cited by the trial court is moot and it need not be addressed. See *People v Jones*, 317 Mich App 416, 431; 894 NW2d 723 (2016).

We affirm defendant's convictions, but we remand for further proceedings consistent with this opinion in regard to defendant's sentence. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Kirsten Frank Kelly