PEOPLE v WOODS

Docket No. 100722. Submitted August 3, 1988, at Lansing. Decided
    October 18, 1988.

    Art G. Woods, an inmate of Huron Valley Men's Facility, was
    convicted of assault of a prison employee following a jury trial
    in Washtenaw Circuit Court, Patrick J. Conlin, J. The following
    day he was to be tried on a charge of being an habitual
    offender, second offense. Woods barricaded himself in his cell
    and refused to attend the habitual offender trial. The court
    found that his absence was voluntary and proceeded with the
    trial. The jury, the same one which had convicted Woods on the
    assault charge, was instructed not to consider defendant's
    absence for any reason. Following trial, defendant was con-
    victed of being an habitual offender, second offense. Defendant
    appealed, claiming that his constitutional and statutory rights
    to be present at his trial were violated.

        The Court of Appeals held:

        1. A defendant may waive his right to be present at his trial
    by failing to appear for the trial, but the waiver is valid only if
    the defendant had a specific knowledge of the right and made
    an intentional decision to abandon the protection of the right.
    The record in this case fails to show whether defendant knew
    that he had a right to be present at trial, and waiver cannot be
    presumed from a silent record. It must be concluded that
    defendant did not waive his right to be present at his trial.

        2. The fact that defendant was not present at his trial does
    not entitle him to automatic reversal of his conviction. The
    proper test for determining whether a defendant's absence from
    his trial requires reversal of his conviction is whether there is
    any reasonable possibility of prejudice due to his absence.
    Defendant here has failed to demonstrate any reasonable possi-

REFERENCES

Am Jur 2d, Criminal Law §§ 692-694, 698, 699, 901, 902, 908, 925,
    927, 928, 930.

Habitual Criminals and Subsequent Offenders § 18.

Accused's right, under Federal Constitution, to be present at his
    trial—Supreme Court cases. 25 L Ed 2d 931.

bility of prejudice. His absence made no difference in the result reached.

Affirmed.

1. CRIMINAL LAW — TRIAL — ATTENDANCE AT TRIAL — WAIVER.

A criminal defendant has a statutory right, as well as an implied constitutional right, to be present at his trial, but may waive his right to be present by failing to appear for trial; a valid waiver of a defendant's presence at trial consists of a specific knowledge of the right and an intentional decision to abandon the protection of the right (MCL 768.3; MSA 28.1026).

2. CRIMINAL LAW — TRIAL — ATTENDANCE AT TRIAL — WAIVER — PRESUMPTIONS.

A valid waiver of a defendant's right to be present at his trial cannot be presumed from a silent record.

3. CRIMINAL LAW — TRIAL — ATTENDANCE AT TRIAL.

The proper test for determining whether a defendant's absence from a part of a trial requires reversal of his conviction is whether there is any reasonable possibility of prejudice due to his absence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Marilyn Kelly & Associates* (by *Mary J. Ironside*), for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and G. R. DENEWETH,* JJ.

PER CURIAM. A Washtenaw Circuit Court jury convicted defendant of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant appeals as of right claiming that his constitutional and statutory rights to be present at his trial were violated. We affirm.

Defendant was not present at his habitual offender trial. A prosecution witness testified, out-

* Circuit judge, sitting on the Court of Appeals by assignment.

side of the jury's presence, that she contacted the control center at the Huron Valley Men's Facility about five minutes earlier and was told that defendant could not be brought to court because he had barricaded himself in his cell and jammed the lock. She further testified that defendant was informed of the date and time for his habitual offender trial and would not come out of his cell willingly. Defense counsel declined to cross-examine, offered no evidence regarding defendant's absence, and did not move for an adjournment. The court noted that defendant was twenty-five minutes late for his trial and that the testimony indicated that it was impossible for him to appear. The court proceeded with defendant's trial after finding that his absence was voluntary. The court instructed the jury not to consider defendant's absence for any reason.

The day before defendant's habitual offender trial, the same jury convicted him of assault of a prison employee, MCL 750.197c; MSA 28.394(3). The court took judicial notice of testimony from defendant's assault-of-a-prison-employee trial. At that trial, defendant testified that he was imprisoned at the Huron Valley Men's Facility because of his 1979 conviction for assault with intent to commit criminal sexual conduct. Documents from defendant's prison record, regarding his commitment to prison and identification, were admitted into evidence without objection. The supervisor of the records office at the Huron Valley Men's Facility testified about the documents. Defense counsel cross-examined her only about the prisons in which defendant had resided.

Defense counsel presented no evidence in defendant's habitual offender trial. He admitted defendant's two convictions.

A criminal defendant has a statutory right to be

present at his trial. MCL 768.3; MSA 28.1026. An accused's right to be present at trial is also impliedly guaranteed by the federal and state constitutions and grounded in common law. *People v Mallory,* 421 Mich 229, 246, n 10; 365 NW2d 673 (1984).

A defendant may waive his right to be present by failing to appear for trial. *People v Swan,* 394 Mich 451, 452; 231 NW2d 651 (1975), cert den 423 US 990; 96 S Ct 402; 46 L Ed 2d 308 (1975); *People v Gross,* 118 Mich App 161, 164; 324 NW2d 557 (1982). A valid waiver of a defendant's presence at trial consists of a specific knowledge of the constitutional right and an intentional decision to abandon the protection of the constitutional right. *People v Travis,* 85 Mich App 297, 301; 271 NW2d 208 (1978), lv den 405 Mich 831 (1979). There can be no waiver if either of these elements is missing. *People v Springer (On Remand),* 123 Mich App 203, 206; 333 NW2d 224 (1983).

The record in this case demonstrates that defendant's absence at his habitual offender trial was voluntary. However, the record fails to disclose whether defendant knew that he had a constitutional right to be present at the trial. We cannot presume waiver from a silent record. *Springer, supra,* p 206; *People v Ewing,* 48 Mich App 657, 660; 211 NW2d 56 (1973). We conclude that defendant did not waive his right to be present at his trial.

Defendant relies on *People v Medcoff,* 344 Mich 108, 117-118; 73 NW2d 537 (1955), for the proposition that injury should be conclusively presumed from his absence at trial. Our Supreme Court overruled *Medcoff*'s automatic reversal rule in *People v Morgan,* 400 Mich 527, 535-536; 255 NW2d 603 (1977), cert den sub nom *Cargile v Michigan,* 434 US 967; 98 S Ct 511; 54 L Ed 2d 454

(1977), reh den 434 US 1041; 98 S Ct 783; 54 L Ed 2d 791 (1978). The proper test for determining whether a defendant's absence from a part of a trial requires reversal of his or her conviction is whether there is any reasonable possibility of prejudice. *Morgan, supra,* p 536; *People v Kvam,* 160 Mich App 189, 197; 408 NW2d 71 (1987).

The record shows that defendant was properly convicted of being an habitual offender, second offense, because he committed two felonies. MCL 769.10; MSA 28.1082. The trial court instructed the jury not to consider defendant's absence for any reason. Defendant has failed to demonstrate any reasonable possibility of prejudice on appeal. Defendant's absence made no difference in the result reached. Therefore, we will not reverse his conviction. *Morgan, supra,* p 537.

Affirmed.