PEOPLE v LONETTA WILLIAMS

Docket No. 140760. Submitted August 11, 1992, at Detroit. Decided
October 19, 1992, at 10:15 A.M. Leave to appeal denied, 442
Mich —.

Lonetta Williams, two days after her arrest, was tried in absentia
in the 36th District Court, William J. Hathaway, J., for second-
degree retail fraud after the court appointed counsel for her
and ruled that the defendant had waived the right to be
present at trial. Before she was released by the police on the
day after her arrest, the defendant had signed a document that
conditioned her release on her reporting for trial. The docu-
ment warned that failure to report would result in a waiver of
counsel and jury trial, and might result in a bench trial,
conviction, and sentencing in her absence. The court reserved
its finding with regard to guilt or innocence, and stayed the
proceedings to allow an appeal in the Detroit Recorder's Court
by defense counsel. The Recorder's Court, Michael F. Sapala, J.,
reversed the district court's ruling that the defendant had
waived her right to be present at trial. The prosecution ap-
pealed by leave granted.

The Court of Appeals *held:*

1. Although a person charged with a misdemeanor may
waive the right to be present at trial, a valid waiver consisting
of specific knowledge of the right and an intentional decision to
abandon the protection of the right cannot be presumed from
the record in this case.

2. The conditions imposed for the defendant's release are not
authorized under the statutes and the court rules that govern
release, bond, arraignment, and waiver of rights by persons
arrested for misdemeanors.

Affirmed.

CRIMINAL LAW — MISDEMEANORS — ATTENDANCE AT TRIAL —
WAIVER.

A person charged with a misdemeanor has a statutory right to be

REFERENCES

Am Jur 2d, Criminal Law §§ 903, 904.

Power to try, in his absence, one charged with misdemeanor. 68
ALR2d 638.

present at trial, but may waive the right by failing to appear for trial; a valid waiver consists of specific knowledge of the right and an intentional decision to abandon the protection of the right (MCL 768.3; MSA 28.1026).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Luther W. Glenn, Jr.,* for the defendant.

Before: Neff, P.J., and Gribbs and Shepherd, JJ.

Shepherd, J. Thirty-sixth District Court Judge William J. Hathaway tried defendant in absentia for second-degree retail fraud, MCL 750.356d; MSA 28.588(4), ruling that she was not entitled to a continuance after failing to appear for her trial. Detroit Recorder's Court Judge Michael F. Sapala reversed the district court's decision. The prosecution appeals by leave granted, and we affirm.

On August 13, 1989, a Sunday, defendant was arrested for allegedly stealing a shirt and two pairs of shorts from the Fashion Bug Boutique in Detroit. Detroit police held her overnight. At 8:45 A.M. on August 14, a police officer presented defendant with a "Release to Appear," which conditioned her release on her reporting for trial the next day in the 36th District Court. The document warned defendant that "[f]ailure to report may result in your trial, conviction and sentencing in your absence." It also stated that "[f]ailure to report waives your right to jury trial and counsel." Defendant signed the document, was released by

the police, and apparently has not been seen since.[1]

When defendant did not appear for her trial on August 15, 1989, the district court appointed counsel to represent her. Defense counsel immediately asked the court for a continuance and a bench warrant for his client's arrest. The court took proofs on whether defendant had received actual notice that her trial was to be held on that date. After determining that defendant had received actual notice, the court reserved its ruling regarding the continuance, but conducted defendant's trial in her absence and closed the record.

The district court later ruled that defendant's absence constituted a waiver of her right to be present for her trial. Before issuing a decision regarding defendant's guilt or innocence, the district court stayed its proceedings to permit defense counsel to appeal the ruling to the Recorder's Court.

The procedure the police and the district court followed did not just happen. It was part of a pilot project designed by the Wayne County Prosecutor's Office, the Detroit Police, and the 36th District Court. Law enforcement officials had identified a problem prosecuting those accused of misdemeanors. Many would not appear for their trials, were granted continuances, and later had their charges dismissed when complaining witnesses did not appear at subsequent trial dates. The project was an attempt to address that problem.

The Recorder's Court ruled that defendant's failure to appear could not be treated as a waiver of her right to be present for her trial, and that therefore the district judge erred in proceeding

---

[1] The record does not reveal any subsequent efforts by the police to locate defendant.

with the trial in the defendant's absence. It is from this ruling that the prosecution appeals.

A person accused of a misdemeanor has a right to be present at trial. See MCL 768.3; MSA 28.1026. That right may be waived, and the person "at [his] own request, through an attorney, duly authorized for that purpose, by leave of the court, [may] be put on trial in [his] absence."

This Court has ruled that a defendant may also waive the right to be present by failing to appear for trial. *People v Woods,* 172 Mich App 476, 479; 432 NW2d 736 (1988). A valid waiver consists of specific knowledge of the right and an intentional decision to abandon the protection of the right. *Id.*

In this case, defendant was told before her release that she had a right to be present at trial. However, there was no evidence explaining her failure to appear for trial. Waiver cannot be presumed from a silent record. *Id.* Therefore, we agree with the circuit court that the record does not establish a valid waiver.

Moreover, regardless of whether defendant's absence can be treated as a waiver of her right to be present at trial, we find the procedure the police and the district court followed to be contrary to that provided by our statutes and court rules.

The police had no legal authority to condition defendant's release as they did. Second-degree retail fraud is a misdemeanor punishable by up to ninety-three days in jail and a $100 fine. MCL 750.356d, MSA 28.588(4).[2] Our statutes provide that a person arrested for a misdemeanor must be taken "without unnecessary delay" before a magistrate to answer the charge. MCL 780.581(1); MSA

---

[2] Because the maximum jail sentence is more than ninety-two days, second-degree retail fraud is not a "minor offense." MCL 761.1(k); MSA 28.843(k). Consequently, the procedures set forth in MCL 764.9a *et seq.*; MSA 28.868(1) *et seq.* do not apply.

28.872(1)(1). Except under conditions not relevant to this case, MCL 780.581(3); MSA 28.872(1)(3), MCL 780.582a; MSA 28.872(2a), if a magistrate is not available or immediate trial is not possible, the person may secure release by depositing with the police an interim bond to guarantee appearance in court to answer the charge. MCL 780.581(2); MSA 28.872(1)(2). "The bond shall be a sum of money" no more than one hundred percent nor less than twenty percent of the maximum possible fine the person faces if convicted. MCL 780.581(2); MSA 28.872(1)(2). Our statutes do not grant the police the authority to impose other conditions for release.[3]

Nor do our statutes provide that the failure to appear shall result in a defendant forfeiting rights to arraignment, counsel, a jury trial, and being present at trial. Instead, when someone accused of a misdemeanor fails to appear, that person forfeits the money bond deposited to secure release and is made subject to arrest. MCL 780.583; MSA 28.872(3).

Finally, our statutes and court rules clearly anticipate that a person will be arraigned before being tried. That was not done in this case, and the form that defendant signed neither informed her of her right to be arraigned nor waived that right. See MCR 6.610(D)(4).[4] We also note that the practice in question does not comply with MCR 8.112, which relates to the adoption of local court rules. That rule requires approval by the Supreme Court of any local rule that requires a litigant "to

[3] In contrast, a magistrate may impose any conditions for release that are appropriate to reasonably ensure a defendant's appearance. MCR 6.106(D).

[4] Defendant's trial was conducted before our Supreme Court's major revision of the criminal court rules took effect on October 1, 1989. However, the former court rules did not differ in substance on this point. See former MCR 6.201(D)(4).

do some act in relation to practice before" the local court.

We were asked to compare this procedure with that established by FR Crim P 43 and cases cited under the federal rule. We need not explore the subject in depth because the federal procedure contemplates a defendant's voluntary absence from trial after initially appearing.

We recognize the possible need to devise a system that will more expeditiously process the numerous cases that flow through our urban courts. Nevertheless, these voluminous cases will necessarily result in a number of innocent persons being arrested and processed under whatever system is ultimately devised. We pointed out to the prosecutor that it is almost inevitable that a few local police officers will negligently or intentionally overlook explaining the significance of the written forms and will do nothing more than tell prisoners that they may be released by signing the forms. We will then see people convicted of crimes without any minimal assurance that their rights have been protected by being explained on the record.

It is no answer to say that months or years later a defendant may move to have the conviction set aside. The officers will testify that they have no recollection of the case, but that it was their usual procedure to explain the language of the form to the defendant. The conviction will stand and will serve as a monument to a desire to move files along a conveyor belt at the expense of protecting potentially innocent people.

There is a relatively simple answer to the problem, and it could be implemented by statute or court rule. The authorities can arrange to bring magistrates to police precincts or bring prisoners to magistrates at convenient times and locations.

There, the prisoner would be informed of the charges, a trial date could be set, counsel could be appointed where appropriate, and the defendant could be informed on the record that failure to appear could result in a trial in absentia. This costs money, but so do all methods of preserving the rights of innocent citizens—even the right to a fair trial has its costs.

We are not required, however, to review the need for reformed rules of criminal procedure, or to pass on the wisdom or efficiency of the specific procedure adopted below. It is sufficient for us to say that the statutes enacted by the Legislature and the court rules promulgated by our Supreme Court define the procedure the police and the district courts must follow. Until authorized either by statute or by the Supreme Court under its rule-making authority, Const 1963, art 6, § 5, the procedure the prosecutor, the police, and the district court used below is not permissible.

Affirmed.

NEFF, J., concurred.

GRIBBS, J. I concur in the result only.