PEOPLE v PALMERTON

Docket No. 140714. Submitted May 18, 1993, at Detroit. Decided June 22, 1993, at 9:15 A.M.

Roy C. Palmerton was convicted by a jury in the Tuscola Circuit Court, Patrick Reed Joslyn, J., of operating a motor vehicle while under the influence of intoxicating liquor, third offense, and of transporting an opened container of intoxicants in an automobile. He failed to appear for sentencing and was sentenced in absentia to three to five years' imprisonment. At a subsequent sentencing for a violation of parole imposed for an unrelated offense, the court, in lieu of resentencing the defendant for the liquor-related offenses, stated that the sentence imposed in absentia would stand. The defendant appealed, challenging the validity of the sentence imposed in absentia.

The Court of Appeals *held:*

A defendant's failure to appear for sentencing constitutes a waiver of the right to be present at sentencing if the record indicates that the defendant knew of the right and intentionally abandoned the protection of that right.

A valid waiver of the right to be present at sentencing cannot be established in this case because the record is silent with respect to whether the defendant, at the time originally set for sentencing, knew of the right and intentionally abandoned it.

Sentence vacated and case remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James R. Reed,* Prosecuting Attorney, and *Patricia J. Miller,* Assistant Attorney General, for the people.

*Jeanice Dagher-Margosian,* for the defendant.

Before: MURPHY, P.J., and McDONALD and W. R. BEASLEY,* JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted after a jury trial of operating a vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625; MSA 9.2325, and transporting an opened container of intoxicants in an automobile, MCL 436.34a; MSA 18.1005(1).[1] Defendant was released on bond and failed to appear for sentencing. The court sentenced defendant in absentia to three to five years in prison for the OUIL offense. When defendant was later brought before the court for sentencing on a probation violation for an unrelated offense, the court, in lieu of resentencing defendant on the earlier charges, stated that the sentence previously imposed in absentia would stand. Defendant appeals, contending that the court improperly sentenced him while absent.

A defendant has a right to be present during the imposition of sentence, and at any stage of trial where substantial rights of the defendant might be adversely affected. *People v Mallory,* 421 Mich 229, 247; 365 NW2d 673 (1984). We are unaware of any decisions in this state resolving whether a defendant's failure to appear at sentencing constitutes a valid waiver of that right. This Court has held, however, that a defendant may waive his right to be present during trial by failing to appear. *People v Williams,* 196 Mich 404, 407; 493 NW2d 277 (1992); *People v Woods,* 172 Mich App 476, 479; 432 NW2d 736 (1988). A valid waiver arises when the defendant specifically knows of the right to be present and intentionally abandons the protection of that right. *Williams, supra; Woods, supra.* A valid waiver cannot be established from a silent record. *Williams, supra; Woods, supra.* Where there is nothing on the record explaining the

---

[1] MCL 436.34a; MSA 18.1005(1) has since been repealed by 1991 PA 98, effective January 1, 1992.

defendant's failure to appear, a valid waiver cannot be established. *Williams, supra.*

Because a defendant has the same right to be present at sentencing as at trial, reasoning by analogy, the same criteria is necessary to establish a valid waiver of the right to be present for sentencing. In this case, there was no explanation on the record at the time of the original sentence with regard to whether defendant knew of the sentencing date and intentionally failed to appear for sentencing. The sentencing court therefore did not have adequate information at the time of sentencing to conclude that defendant's absence constituted a valid waiver of the right to be present at sentencing.

Sentence vacated and case remanded for resentencing.