# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 7, 2017

Plaintiff-Appellee,

v

No. 334498
Wayne Circuit Court
LC No. 13-004789-01-FC

JOHN BROWN,

Defendant-Appellant.

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant was convicted of armed robbery, MCL 750.529, and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84.[1] He was originally sentenced as a third habitual offender, MCL 769.11, to 30 to 45 years imprisonment for his armed robbery conviction and 5 to 10 years for his AWIGBH conviction. On remand from our Supreme Court, the trial court resentenced defendant as a second habitual offender,[2] MCL 769.10, to 20 to 40 years' imprisonment. We affirm defendant's convictions and remand for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

The facts giving rise to defendant's conviction were set out in our previous opinion in *People v Brown*, unpublished opinion per curiam of the Court of Appeals, issued June 16, 2015 (Docket No. 318675), pp 1-2:

> Defendant brutally assaulted and attempted to rob a 72 year-old businessman. The victim owns and operates a Dairy Queen in Detroit, and as he

---

[1] Defendant was acquitted of felon in possession of a firearm, MCL 750.224f, possession of a firearm during the commission of a felony, MCL 750.227b, and assault with a dangerous weapon, MCL 750.82.

[2] At the resentencing hearing, defense counsel informed the trial court that defendant was improperly sentenced as a third habitual offender, rather than a second habitual offender, which was indicated on the amended felony information. The trial court agreed and sentenced defendant as a second habitual offender.

closed the store late at night, defendant attacked and beat him. Defendant tackled the victim, began beating him with his fists and a metal object, and demanded money. However, the victim was armed, and shot defendant twice. Wounded, defendant stopped beating the victim and fled on foot.

The victim called the police immediately after the incident. Approximately 10 minutes later, officers received information of a shooting approximately one block north of the victim's Dairy Queen. When the police responded to this second call, they found defendant, who had bullet wounds in his leg and chest, lying on the front porch of a house. Defendant claimed he had been shot while taking out his garbage—despite the fact that it was very late at night and not the scheduled day for garbage collection. The police found no evidence of a shooting near the home, nor did they find any evidence that defendant was actually taking out his garbage.

Accordingly, the police suspected defendant committed the assault and attempted robbery at the Dairy Queen. Officers took him into custody at the hospital, where he remained in critical condition. Because of defendant's hospital stay, the police presented the victim with a photographic lineup, and the victim confidently identified defendant as his assailant.

On defendant's first appeal, this Court affirmed his convictions and remanded "for resentencing for the sole purpose of rescoring [offense variable (OV)] 13 [MCL 777.43], or a finding by the trial court that defendant committed the two firearm related charges of which the jury acquitted him at trial." *Brown*, unpub op at 6. Defendant had challenged the scoring of multiple OVs, and we determined that OV 13 had been improperly scored below:

[T]he trial court erred when it scored 25 points under OV 13, because the court's factual findings do not support the conclusion that defendant's convictions are "part of felonious criminal activity involving 3 or more crimes against a person within 5 years of the charged offenses. While the trial court could have considered the related firearms charges of which defendant was acquitted in its assessment OV 13 [sic], it did not find that defendant used a gun when he committed the charged crimes. [*Id.* at 4.]

This Court instructed the trial court to "either (1) resentence defendant under OV 13, or (2) find on the record that a preponderance of evidence shows defendant committed the assault and robbery with a firearm." *Id.* at 5.

Defendant filed an application for leave to appeal this Court's decision, and in lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to the trial court and ordered as follows:

If the trial court does not resentence the defendant, but instead finds facts that support the scoring of OV 13, it shall then determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 [NW2d] 502 (2015). The trial court

shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. [*People v Brown*, 499 Mich 867; 875 NW2d 220 (2016).]

On remand, the trial court first held a post-conviction hearing to determine whether OV 13 was properly scored and if defendant should be resentenced. At the post-conviction hearing, defense counsel waived defendant's presence,[3] and the trial court concluded that OV 13 should be scored at zero points, and therefore, defendant would need to be resentenced. The trial court then held a resentencing hearing, and defendant appeared via videoconference. The trial court scored zero points for OV 13 and resentenced defendant to serve 20 to 40 years for both convictions. On appeal, defendant argues that the trial court's decision to resentence him via videoconference violated his constitutional right to be present at his resentencing, the trial court relied on hearsay evidence in order to score the offense variables and to sentence him, and prosecutorial misconduct deprived him of due process.

## II. RIGHT TO BE PRESENT

Defendant first argues that he was denied his constitutional right to be present at his sentencing. Because the record is silent as to whether defendant waived his right to be present, we remand for resentencing.

Defendant did not object to appearing at the resentencing hearing by videoconference. Thus, this issue is unpreserved for review. *People v Buie (On Remand)*, 298 Mich App 50, 56; 825 NW2d 361 (2012). We review unpreserved claims of constitutional error for plain error. *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004), citing *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). To establish plain error, the following requirements must be met: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. As to the third requirement, an error affects substantial rights if there is "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Finally, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks and citation omitted).

At the initial post-conviction hearing, the trial court determined that it would conduct the resentencing by video conference "so that the defendant doesn't have to be brought back from the prison that he's in." The trial court reasoned that conducting the sentencing via videoconference would be easier for the prison officials and for the court, and that it would be

---

[3] The purpose of the initial post-conviction hearing was for the trial court to decide whether it would resentence defendant if OV 13 was wrongly scored. Defendant was not required to be present at that post-conviction hearing. *Lockridge*, 498 Mich at 398.

less expensive than transporting defendant to the courthouse. In response, defense counsel stated that she would "confer with [defendant] to make sure he doesn't object to not being personally present," and the trial court agreed that if defendant did not agree to be sentenced via videoconference that he would have to be transported to the courthouse to be physically present for sentencing. However, the record is silent as to whether defense counsel discussed this issue with defendant prior to the resentencing hearing.

MCR 6.006 provides, in relevant part:

**(A) Defendant in the Courtroom or at a Separate Location.** District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, sentencings for misdemeanor offenses, show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, and waivers and adjournments of preliminary examinations.

In *People v Heller*, 316 Mich App 314, 315-316; 891 NW2d 541 (2016) we reviewed MCR 6.006(A) and explained that the court rule "identifie[d] the criminal proceedings in which two-way interactive video technology may be used" and held that "[f]elony sentencing is not one of them." In *Heller*, we reasoned that our Supreme Court presumably omitted felony sentencings from MCR 6.006(A) "because sentencing is a critical stage of a criminal proceeding at which a defendant has a constitutional right to be present, *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984), and virtual appearance is not a suitable substitute for physical presence." *Heller*, 316 Mich App at 318. We concluded that the defendant in *Heller* must have the option to choose to be resentenced because his "absence from the sentencing nullified the dignity of the proceeding and its participants, rendering it fundamentally unfair." *Id.* at 321.

In *Heller*, we did not determine whether a defendant waives his right to be physically present at sentencing when he agrees to be sentenced via videoconference. However, we have held that a defendant may waive his right to be present at sentencing if the record establishes a valid waiver, which "arises when the defendant specifically knows of the right to be present and intentionally abandons the protection of that right." *People v Palmerton*, 200 Mich App 302, 303; 503 NW2d 663 (1993) (citations omitted). Moreover, "[a] valid waiver cannot be established from a silent record." *Id.*

The prosecution agrees that resentencing is required pursuant to *Heller* if defendant did not waive his constitutional right to be present. However, the prosecution claims there is some circumstantial evidence on the record that indicates defendant may have waived his constitutional right. At the first post-conviction hearing, defense counsel informed the trial court that she would confer with defendant about appearing by videoconference. At the resentencing hearing, neither defendant, nor defense counsel, objected to defendant's appearance by videoconference. The prosecution claims this is circumstantial evidence that defendant may have been informed about his right to be present. Therefore, defendant voluntarily waived that right, and the case should be remanded "for a brief evidentiary hearing for the trial court to determine whether defendant waived his physical presence by either requesting or agreeing to be

sentenced over videoconferencing." We find this argument unavailing. First, the prosecution provides no authority in support of the argument that remand for an evidentiary hearing is required, and we need not address it. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999); see also *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (concluding that "[t]his Court will not search for authority to sustain or reject a party's position") (quotation marks and citation omitted). Even if we did address this issue, the record in the instant case is silent as to whether defendant actually waived his right to be present at his resentencing. There is no indication on the record by defendant, defense counsel, or the trial court that defendant specifically knew his right to be present and that he expressly waived this right. When the record is silent as to whether defendant waived his constitutional right to be present, we are required to remand for resentencing. *Palmerton*, 200 Mich App at 303.[4] On remand, if defendant chooses to be resentenced, he must be physically present in the courtroom unless he expressly waives his presence. See *Heller*, 316 Mich at 317-318 (mandating that if a defendant is improperly sentenced via videoconference, he must be present on remand for resentencing).

### III. STANDARD 4 BRIEF

In a supplemental brief filed *in propria persona* pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4, defendant raises additional issues concerning hearsay and prosecutorial misconduct.

### A. HEARSAY

Defendant argues that the trial court erred when it relied on hearsay evidence to score the offense variables and to sentence him. We disagree.

According to defendant, the trial court allowed the prosecutor to read a hearsay statement into the record. The purported hearsay statement was actually a stipulation between the prosecutor and defense counsel. The stipulation indicated that if the detective sergeant from the Michigan State Police Forensic Science Division had been available at trial, he would have testified that he received the metal pipe found at the scene to test for evidence, that it was tested

---

[4] We note that because this issue is unpreserved, defendant would ordinarily have to satisfy the plain error test. See *Carines*, 460 Mich at 763. However, in *Heller*, this Court did not address whether the defendant's unpreserved claim would survive plain error review. Instead, this Court held that the defendant's "absence from the sentencing nullified the dignity of the proceeding and its participants, rendering it fundamentally unfair." *Heller*, 316 Mich App at 320. For that reason, a remand for resentencing was required. *Id*. Following in line with *Heller*, we remand for resentencing because defendant's absence from the court room was "fundamentally unfair." *Id*. We do not address whether plain error review is applicable. We note, however, that our Supreme Court, citing *Heller* and MCR 6.006, has ordered the parties in another case to address "whether the practice of sentencing by videoconference amounts to plain error, and whether the defendant is entitled to resentencing because of its use in this case." *People v Guzman*, 896 NW2d 440 (2017).

for latent prints, and that no prints were developed from it. The trial court accepted the stipulation as "a stipulated fact that both parties agree on." Clearly, this statement was not hearsay, but rather a factual stipulation between counsel, which is binding upon a court. *People v Metamora Water Serv*, 276 Mich App 376, 385; 741 NW2d 61 (2007). Thus, the trial court properly admitted the stipulation and instructed the jury to consider it in its deliberations.

There is also no support for defendant's contention that the trial court relied on the statement in scoring the OVs. The trial court scored 10 points for OV 1, MCL 777.31(1)(d), based on its finding that the victim was touched by a weapon, and it scored one point for OV 2, MCL 777.32(1)(e), based on its finding that defendant possessed or used a potentially lethal weapon. There is no evidence that the court's findings were based on the stipulation or on any hearsay evidence, considering evidence was properly presented at trial and supported the finding that a weapon was used in the commission of the offense. A police officer testified that he had found a "six inch piece of metal" that appeared to be from "some kind of plumbing" from the street where the Dairy Queen was located. Defendant does not argue that this testimony was improperly admitted; thus, the court did not have to rely on hearsay in order to find that defendant had used the pipe as a weapon. Rather, the trial court made a reasonable inference based on circumstantial evidence. See *People v Maben*, 313 Mich App 545, 551; 884 NW2d 314 (2015) (holding that "[t]he trial court may rely on reasonable inferences arising from the record evidence to support a particular score"). The victim also testified that defendant was holding an object that appeared to be a gun during the attack. The police officer who found the pipe at the scene testified that it "would look like a gun" if it was "sticking out" or held a certain way. The trial court's decision to score OV 1 and OV 2 based on its inference from this testimony that defendant used the pipe as a weapon during the attack was not error, and defendant is not entitled to rescoring or resentencing based on this issue.

## B. PROSECUTORIAL MISCONDUCT

In his previous appeal, defendant argued before this Court that "the prosecutor committed misconduct when he presented a police officer as a witness and asked him about the victim's demeanor when the officer gave the victim the photographic lineup," the prosecutor was permitted to argue facts not in evidence, and the prosecutor had impermissibly described himself as a "minister of justice" and improperly suggested that he would not present a "meritless" case to the jury. *Brown*, unpub op at 5. This Court has already fully addressed (and rejected) each of these arguments, and we conclude that additional review is barred by the law of the case doctrine: "Where a prior ruling of this Court concerns the same question of law in the same case, the doctrine of law of the case applies and the prior ruling is controlling. A legal issue raised in one appeal may not be raised in a subsequent appeal after proceedings held on remand[.]" *People v Osantowski*, 274 Mich App 593, 614-615; 736 NW2d 289 (2007), rev'd in part on other grounds 481 Mich 103 (2008), quoting *People v Stinson*, 113 Mich App 719, 730; 318 NW2d 513 (1982).

We affirm defendant's convictions and remand for resentencing. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron