# Court of Appeals, State of Michigan

## ORDER

People of MI v Terreik Jaylel Latham

Docket No. 338891

LC No. 16-009739-01-FC

Michael J. Riordan
Presiding Judge

David H. Sawyer

Kathleen Jansen
Judges

The Court orders that the February 6, 2020 opinion is hereby VACATED, and a new opinion is attached.

/s/ Michael J. Riordan

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 20, 2020
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERREIK JAYLEL LATHAM,

Defendant-Appellant.

FOR PUBLICATION
February 20, 2020
9:00 a.m.

No. 338891
Wayne Circuit Court
LC No. 16-009739-01-FC

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

RIORDAN, P.J.

Defendant appeals as of right his bench trial conviction of first-degree criminal sexual conduct (CSC I), MCL 750.520b (multiple variables). Defendant was sentenced to 4 to 10 years of imprisonment for first-degree criminal sexual conduct. We affirm.

## I. FACTS & PROCEDURAL HISTORY

Defendant contacted the victim, a prostitute who advertised her services online, and after agreeing on a price and specific services, they met up at a gas station and walked together to a nearby abandoned house. Before engaging in any sexual acts, the victim asked to be paid. Defendant refused to pay, held a sharp object to the victim's throat, and forced her to engage in oral and vaginal sex.

Defendant was found guilty of CSC I. His recommended sentencing guidelines range was 51 to 85 months, and he was assigned 10 points for Offense Variable (OV) 1, 5 points for OV 2, 10 points for OV 4, and 25 points for OV 11. In total, defendant was assigned 50 OV points which equated to an OV level III. Defendant was sentenced to 4 to 10 years of imprisonment.

Defendant then filed a motion to correct an invalid sentence in the trial court and argued that he is entitled to resentencing because OV 11 was incorrectly scored at 25 points when, he said, it should have been assigned 0 points pursuant to MCL 777.41(2)(c). Defendant asserted that if OV 11 was properly scored, he would have been sentenced at OV level II not OV level III. He contended that the recommended guidelines range would have been 42 to 70 months, rather than 51 to 85 months which was used at sentencing. Therefore, defendant argued, he was entitled to

-1-

resentencing. The prosecution responded that OV 11 was properly scored and, even if the guidelines were initially improperly scored, defendant's sentence should not be altered because defendant's sentence was below the original recommended guidelines range and was tailored to defendant.

The trial court granted defendant's motion to rescore OV 11 at 0 points, but denied defendant's motion for resentencing. The trial court corrected defendant's original sentencing information report and the recommended minimum guidelines range was lowered to 42 to 70 months. The trial court's order states that resentencing was not required because defendant's original sentence of 48 to 120 months of imprisonment is within the recalculated recommended minimum guidelines range. Defendant now appeals.

## II. ANALYSIS

Defendant argues that he is entitled to resentencing pursuant to *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006), because he was sentenced on the basis of inaccurate information and an inaccurate guidelines range. We disagree.

The issue of whether defendant is entitled to resentencing is a legal question which this Court reviews de novo. *Francisco*, 474 Mich at 85.

In *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006), our Supreme Court held that the defendant was entitled to resentencing when the trial court erred in scoring the sentencing guidelines even though the original sentence was within the appropriate, re-scored guidelines range. The Supreme Court remanded that case for resentencing because an appellate court cannot know whether the trial court would have imposed the same sentence if the guidelines had been accurately scored. *Id.* at 49. The Supreme Court reasoned that "appellate correction of an erroneously calculated guidelines range will always present this dilemma, i.e., the defendant will have been given a sentence which stands differently in relationship to the correct guidelines range than may have been the trial court's intention." *Id.* at 91-92. "Thus, requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends." *Id.* at 92.

The matter before us presents us with circumstances that are unlike those described in *Francisco*. We know the trial court would impose the same sentence for defendant under the now accurately scored guidelines range. The trial court's order states that resentencing was not required because defendant's original sentence of 48 to 120 months of imprisonment is within the recalculated recommended minimum guidelines range. The trial court had the opportunity to resentence defendant and it expressly declined to do so.[1] After rescoring OV 11 and recalculating

---

[1] During oral arguments, defense counsel argued for the first time that defendant should have been physically present for the post-conviction sentencing guidelines hearing in order to satisfy his constitutional right to due process. We disagree.

the correct guidelines range, the trial court decided to maintain defendant's original sentence. Thus, the trial court's explanation, its familiarity with this matter, particularly in light of the procedural posture and its ultimate disposition of the case, demonstrates the trial court's intent to maintain the same sentence, regardless of the prior scoring error. Thus, "[r]esentencing is . . . not required [because] the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range." *Id*. at 89 n 8, citing *People v Mutchie*, 468 Mich 50, 51; 658 NW2d 154 (2003). Therefore, resentencing is not required.

## III. CONCLUSION

We are not confronted with a *Francisco* error. There was no remand for resentencing to the trial court. Here, the trial court only decided a post-trial motion, corrected the applicable guidelines range, and then maintained defendant's original sentence. Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer

---

"The court is obligated only to review issues that are properly raised and preserved; the court is empowered, however, to go beyond the issues raised and address any issue that, in the court's opinion, justice requires be considered and resolved." *Paschke v Retool Industries (On Reh)*, 198 Mich App 702, 705; 499 NW2d 453 (1993) (emphasis in original), rev'd on other grounds 445 Mich 502; 519 NW2d 441 (1994). Indeed, a defendant has the right to be physically present at a felony sentencing. *People v Heller*, 316 Mich App 314, 318–321; 891 NW2d 541 (2016). A defendant may waive his right to be present at sentencing if the record establishes a valid waiver, which "arises when the defendant specifically knows of the right to be present and intentionally abandons the protection of that right." *People v Palmerton*, 200 Mich App 302, 303; 503 NW2d 663 (1993) (citations omitted).

Here, however, the trial court was not required to resentence defendant and it specifically declined to do so. Instead, the trial court held a post-conviction hearing regarding whether resentencing was necessary and it ruled that it was not. The record is silent as to whether defendant attended the hearing or whether defense counsel waived defendant's presence. Nonetheless, defendant was not required to be physically present at that post-conviction hearing. *People v Lockridge*, 498 Mich 358, 398; 870 NW2d 502 (2015). See also *United States v Parrish*, 427 F3d 1345, 1348 (CA 11, 2005) (holding that there was no due process violation where the sentencing court vacated the defendant's original sentence and imposed the exact same sentence); *People v Woodward*, 321 Mich App 377, 385 n 2; 909 NW2d 299 (2017) ("While the decisions of lower federal courts and other state courts are not binding on this Court, they may be considered as persuasive authority.").

Therefore, defendant's right to due process was not implicated or violated in this case. Additionally, defendant has not pointed to any statute or court rule that requires his physical presence at a post-conviction hearing, and has therefore failed to show that he is entitled to any relief on this basis.

-3-