*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
February 22, 2024

v

DANIEL SCOTT CAMPBELL,

      Defendant-Appellant.

No. 361078
Ionia Circuit Court
LC No. 2021-018234-FH

Before: LETICA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant's electronic tablet was found containing child-sexually-abusive material involving defendant and the 13-year-old adopted daughter of defendant's neighbor. Defendant was convicted of several charges after a bench trial, and the trial court imposed consecutive sentences. We affirm defendant's convictions, vacate the consecutive aspects of defendant's sentences, and remand for proceedings consistent with this opinion.

## I. BACKGROUND

The adopted daughter of defendant's neighbor was using defendant's electronic tablet when defendant's neighbor found child-sexually-abusive material on that tablet involving defendant and the adopted daughter. Defendant's neighbor took the tablet and called the police. Several police officers arrived at defendant's residence in uniform. Ionia County Sheriff's Detective Sergeant Phillip Hesche knocked on defendant's door, told defendant that they had a search warrant for his electronic devices, and the other police officers accompanying Detective Sergeant Hesche conducted a "protective sweep" of defendant's residence with their guns drawn. Detective Sergeant Hesche then told defendant that he was not under any obligation to speak with him.

Nevertheless, during the search of defendant's residence, defendant sat at a table with Detective Sergeant Hesche and answered many questions with incriminating responses. Defendant also answered another police officer's question regarding the passcode for at least one of the electronic devices. Defendant was not handcuffed during this time, and he freely moved from the table, at least twice, without restriction from any police officer. Defendant was not read

his *Miranda*[1] rights, and defendant did not indicate that he wanted to stop answering Detective Sergeant Hesche's questions or that he wanted the counsel of an attorney. After completing the search of defendant's residence, getting a statement from defendant's neighbor, and interviewing the neighbor's adopted daughter, Detective Sergeant Hesche arrested defendant.

Before trial, defendant moved to suppress the incriminating statements that he made to Detective Sergeant Hesche because, he argued, he was in custody and not provided a *Miranda* warning. After holding an evidentiary hearing consistent with *People v Walker*, 374 Mich 331; 132 NW2d 87 (1965), the trial court denied defendant's motion because the evidence showed that defendant was free to leave during his conversation with Detective Sergeant Hesche and, thus, defendant was not in custody.

After a bench trial, defendant was convicted of one count aggravated child-sexually-abusive material, one count of possession of child-sexually-abusive material, two counts of using a computer to commit the crimes, and three counts of second-degree criminal-sexual-conduct. Defendant appeared at his sentencing hearing remotely, and the trial court asked defense counsel, "are you and your client agreeable to him being sentenced via Zoom here today?" To which defense counsel answered, "Yes, your Honor." Defendant also, personally, provided a statement in which he expressed remorse for his conduct.

The trial court stated that it reviewed the presentence-investigation report, which included information pertaining to defendant's history as a veteran, lack of other criminal history, and his reformation efforts regarding his participation in therapy. Further, the trial court highlighted that, even though defendant had no prior criminal history and had participated in attempting to make amends while fully engaging in treatment, this was a case that warranted a sentence at the "top-end of the guidelines" because defendant victimized a young child.

The trial court then sentenced defendant as follows:

> So the Court will be imposing eighty-five months to twenty-five years on Count 1, which is aggravated child sexually abusive activity. There's been a request that these, all of the sentences, be served concurrently, but I do find that a consecutive sentence is appropriate in this case, in light of the breadth of the criminal conduct that occurred in this case.
>
> [Defendant], I hope that you will continue to be committed to doing everything within your power to help others in this situation. I'm mindful that if you choose to continue to invest in your time and energy in helping others, that you will not be the first person that has been able to do some really good work from behind bars. But I simply cannot find that the conduct that you engaged in warrants something less than what the Court and the law fully allows.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

So the Court will be imposing a consecutive sentence on Count 2, which is using a computer to commit a crime, of eighty-one months to twenty years. Again, that will be consecutive to Count 1.

As it relates to Count[s] 3, 4, 5, and 7, the Court will impose—well I guess I really need to speak to the ten-year felonies separately. So on Counts 3, 4, and 5, the Court will be imposing eighty-one months to fifteen years on each of those counts. So that's 3, 4, and 5, those being fifteen-year felonies.

Then as it relates to Count 7, which is a ten-year felony, the Court will be imposing six years to ten years, with the Michigan Department of Corrections, in order to not violate the *Tanner* Rule.[2] The same will hold true as it relates to Count 8, but that will be served consecutively as well.

Defendant moved to be resentenced because, he argued, he was not physically present in the courtroom when being sentenced and he did not waive his constitutional right to be physically present. The trial court denied defendant's motion, holding that defendant made a knowing and voluntary waiver of his constitutional right.

Defendant now appeals.

## II. ANALYSIS

### A. *MIRANDA* WARNING

Defendant first argues that his incriminating statements to Detective Sergeant Hesche were impermissibly admitted into evidence because he was not afforded a *Miranda* warning before he made those statements. This Court reviews a trial court's decision on a motion to suppress de novo, and findings of fact for clear error. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). "A finding is clearly erroneous if, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake." *People v Swenor*, 336 Mich App 550, 563-564; 971 NW2d 33 (2021).

"*Miranda* warnings are not required unless the accused is subject to a custodial interrogation." *People v Steele*, 292 Mich App 308, 316; 806 NW2d 753 (2011). "Generally, a custodial interrogation is a questioning initiated by law enforcement officers after the accused has been taken into custody or otherwise deprived of his or her freedom of action in any significant way." *Id*. Further, this Court explained that an interrogation in a defendant's home is generally viewed as noncustodial, *People v Coomer*, 245 Mich App 206, 220; 627 NW2d 612 (2001), and that a police officer may ask general on-the-scene questions to investigate the facts surrounding

---

[2] *People v Tanner*, 387 Mich 683;199 NW2d 202 (1972), codified in MCL 769.34(2)(b) ("The court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence.")

the crime without implicating the holding in *Miranda*," *People v Ish*, 252 Mich App 115, 118; 652 NW2d 257 (2002) (cleaned up).

Defendant argues that he could not retreat to from Detective Sergeant Hesche because he was being interviewed in his home after the police entered with a warrant and conducted a protective sweep with their guns drawn. Therefore, under defendant's view, a reasonable person would not have felt free to leave. Defendant ignores, however, that, as this Court explained in *People v Mendez*, 225 Mich App 381, 383; 671 NW2d 528 (1997), any interview by a police officer will have a coercive aspect to it simply by virtue of the fact that the police officer is part of a law enforcement system that may end with the interviewee being charged with a crime.

> But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed . . . because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was that sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited." [*Id*. at 383-384.]

In this case, defendant was not restrained or handcuffed, he was told that he was not under an obligation to answer questions, and he freely moved about during his discussion with the police officer. Further, Detective Sergeant Hesche questioned defendant in defendant's home while the police were executing a search warrant. Given the totality of the circumstances surrounding defendant's conversation with Detective Sergeant Hesche, defendant was not in custody when he provided incriminating statements. Thus, the trial court did not err when it denied defendant's motion to suppress and admitted the statements as evidence.

## B. SENTENCING HEARING

Defendant argues that he is entitled to resentencing because he was not physically present at his sentencing hearing. Sentencing is a "critical stage of a criminal proceeding at which a defendant has a constitutional right to be present," and generally, "virtual appearance is not a suitable substitute for physical presence." *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016). This Court reviews constitutional issues de novo. *People v Malone*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 331903); slip op. at 4.

A defendant may waive his right to be physically present if the waiver is done voluntarily and knowingly to demonstrate that it was an "intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *People v Guyton*, 511 Mich 291, 299-300; ___ NW2d ___ (2023) (cleaned up). This Court held in *People v Palmerton*, 200 Mich App 302, 303; 503 NW2d 663 (1993), that a "valid waiver arises when the defendant specifically knows of the right to be present and intentionally abandons the protections of that right."

In this case the trial court explicitly asked whether defendant had agreed to be sentenced remotely via Zoom, and defense counsel answered, "Yes." Defendant argues that this was insufficient because defendant, himself, did not waive his right to be physically present. Defendant ignores, however, that he was given an opportunity to make a statement during the sentencing

hearing and, when he did provide a statement via Zoom, he did not object to not being physically present in the courtroom.

Therefore, defendant's waiver of his right to be physically present was knowingly, willingly, and voluntarily made, and his physical absence did not prejudice his defense because he was still able to provide a statement. Accordingly, defendant is not entitled to resentencing on this issue.

## C. ALLEGED DISPROPORTIONALITY

Next, defendant argues that the sentences imposed by the trial court were disproportional to his conduct. This Court reviews the trial court's sentencing decision for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A trial court abuses its discretion if it imposes a sentence that "violates the principle of proportionality," which requires sentences to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id*. Sentences that fall within the minimum-sentencing guidelines range are entitled to a "nonbinding rebuttable presumption of proportionality" on review by this Court. *People v Posey*, ___ Mich ___, ___; ___NW2d___ (2023) (Docket No. 162373); slip op at 37.

Defendant admits that each of his sentences are within the applicable minimum-sentencing guidelines range, but argues that they are all disproportionate because the trial court did not consider the mitigating factors involving his background as a veteran, lack of criminal history, and reformation efforts with therapy. Defendant ignores, however, that the trial court stated that it had reviewed defendant's presentence investigation report, recognized that defendant did not have a prior criminal history, and was pleased that defendant tried to make amends while fully engaging in treatment. The trial court also stated, however, that, despite those mitigating factors, defendant's conduct could not be tolerated and warranted a sentence at the top end of the guidelines when considering that he victimized a young child.

Given defendant's extreme conduct as well as the evidence surrounding his convictions, defendant has not rebutted the presumption that his sentences are proportional. Further, the mitigating factors that defendant argues demonstrate that his sentences are disproportional were factors that were considered by the trial court during defendant's sentencing, and, thus, the trial court did not abuse its discretion in sentencing defendant within the minimum-sentencing guidelines range.

## D. CONSECUTIVE SENTENCING

Lastly, defendant argues that the trial court erred by imposing consecutive sentences. "[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016). "Accordingly, trial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed." *Id*.

In this case, the trial court generally found that defendant's extreme misconduct required consecutive sentences. This was in error, however, as this Court has explained that "a trial court

may not impose multiple consecutive sentences as a single act of discretion nor explain them as such. The decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Id*. at 665.

## III. CONCLUSION

Defendant was not in custody when he was answering Detective Sergeant Hesche's questions, and, thus, he was not entitled to a *Miranda* warning. Further, defendant knowingly and voluntarily waived his right to be physically present at his sentencing hearing as evidenced by his counsel's affirmative answer and defendant's lack of objection when given the opportunity to provide a statement. The trial court did not abuse its discretion when considering the proportionality of defendant's sentences within the minimum-sentencing guidelines range, but the trial court did err by not articulating the justification for each consecutive sentence separately.

Defendant's convictions are affirmed, the consecutive aspects of defendant's sentences are vacated, and the matter of defendant's sentencing is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle