*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 25, 2024

Plaintiff-Appellee,

v

No. 367616
Wayne Circuit Court
LC No. 19-007936-01-FC

KENDELL JERROD JONES, JR.,

Defendant-Appellant.

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER,* JJ.

PER CURIAM.

Returning to this Court after his first remand for resentencing, defendant appeals by leave granted[1] his resentencing of 27 to 60 years' imprisonment for second-degree murder, MCL 750.317; and 2 years' imprisonment for possession of a firearm during commission of a felony (felony-firearm), MCL 750.227b. On appeal, defendant argues that the trial court violated his right to be physically present at resentencing. For reasons explained in this opinion, we affirm, but remand solely for the ministerial task of amending the judgment of sentence.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

In February 2020, defendant pleaded guilty to second-degree murder and felony-firearm for the killing of Lorenzo Cortez Colbert. In March 2020, the trial court sentenced defendant under a sentence agreement to 27 to 60 years' imprisonment for second-degree murder and a consecutive term of two years' imprisonment for felony-firearm. The trial court sentenced defendant without preparation of a presentence investigation report (PSIR) after defendant refused to cooperate with the Michigan Department of Corrections in the preparation of a PSIR. Defendant appealed and a panel of this Court affirmed defendant's conviction, but agreed with defendant that he was entitled

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered October 26, 2023 (Docket No. 367616).

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

to resentencing because of the failure to prepare and consider a PSIR in the sentencing determination.[2]  The panel remanded for resentencing.

In April 2022, at his resentencing, defendant and his attorney appeared remotely via Zoom. At the beginning of the hearing, defendant's attorney noted that defendant was not physically present and stated, "[W]e are consenting to proceeding on Zoom."  Defendant did not object to his attorney's statement at that time.  Thereafter, the trial court reviewed the PSIR and discussed the sentencing agreement with the parties.  After reviewing the guidelines, the trial court then asked, "[defendant], is there anything you would like to say with respect to the comments your lawyer just made or anything else before I impose sentence[?]"  Defendant responded, "No, sir." Subsequently, the trial court imposed the same sentence of 27 to 60 years' imprisonment for second-degree murder and two years' imprisonment for felony-firearm.

In October 2022, defendant filed a motion to correct an invalid sentence, arguing that he did not personally waive his right to be physically present during the April 2022 resentencing.  The trial court denied the motion without a hearing, noting that "defendant himself did not assert any objection to his lawyer's waiver and proceeded to participate."  The trial court concluded that defendant waived the right to be physically present.  This appeal followed.

## II.  PRESERVATION AND STANDARD OF REVIEW

Generally, we review constitutional issues de novo.  *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018).  "To preserve for review by this Court a constitutional-error claim that implicates a defendant's due-process rights, the issue must be raised in the trial court."  *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022).  Defendant contends that he preserved this issue by filing a postjudgment motion for resentencing under MCR 6.429(B)(2). However, MCR 6.429 permits a defendant to preserve a challenge to "the scoring of the sentencing guidelines" or "accuracy of information relied upon in determining a sentence . . ." in a motion for resentencing.  MCR 6.429(C).  Defendant did not challenge the scoring of the sentencing guidelines or accuracy of information relied upon during sentence in the motion for resentencing. Instead, when challenging a sentence on constitutional grounds, a defendant must "raise any constitutional challenge during sentencing."  *People v McCuller*, 479 Mich 672, 695; 739 NW2d 563 (2007).  Although defendant filed a motion to correct an invalid sentence in the trial court, defendant did not raise the issue during the actual sentencing hearing and made no objection to proceeding on Zoom.  Therefore, this issue is unpreserved for appellate review.  See *id.*

We review unpreserved nonstructural constitutional claims for plain error affecting substantial rights.  *Anderson*, 341 Mich App at 279, 285 (holding that remote participation in sentencing is a nonstructural error).  Under this rule:

> a defendant bears the burden to prove (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings. If defendant

---

[2]*People v Jones,* unpublished per curiam opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 354072).

-2-

satisfies those three requirements, we must make a fourth determination: whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. [*Id*. at 279-280 (quotation marks and citation omitted).]

## III. SENTENCING HEARING

Defendant argues that he is entitled to resentencing because the trial court violated his right to a fair hearing and the right to be physically present at sentencing by failing to procure a valid personal waiver. We disagree.

"[A] criminal defendant has a constitutional right to be present at any stage of a trial during which substantial rights might be adversely affected, including during sentencing." *Id.* at 281. Under the former MCR 6.006(A), a defendant may be at a separate location as follows:

District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, *sentencings for misdemeanor offenses,* show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, waivers and adjournments of preliminary examinations, and hearings on postjudgment motions to amend restitution. [MCR 6.006(A), as amended July 26, 2021, 507 Mich cci (2021) (emphasis added).][3]

This provision does not apply to felony offenses. See MCR 6.006(A). This Court has recognized that "sentencing is a critical stage of a criminal proceeding at which a defendant has a constitutional right to be present, and virtual appearance is not a suitable substitute for physical presence." *People v Heller,* 316 Mich App 314, 318; 891 NW2d 541 (2016). In this case, because defendant was convicted of felonies, see MCL 750.317 and MCL 750.227b, he had a right to be physically present at sentencing.

However, a defendant may waive his constitutional right to be physically present if the waiver is a "knowing, intelligent act[] done with *sufficient awareness of the relevant circumstances* and likely consequences." *People v Guyton,* 511 Mich 291, 299; 999 NW2d 393 (2023) (quotation marks and citation omitted); see also MCR 6.006(C)(1). "A valid waiver arises when the defendant specifically knows of the right to be present and intentionally abandons the protection of that right." *People v Palmerton,* 200 Mich App 302, 303; 503 NW2d 663 (1993).

---

[3] We note that as a result of the COVID-19 pandemic, MCR 6.006(A) has been amended several times since defendant was first arrested. Here, we rely on the version of the court rule in effect at the time of defendant's April 2022 sentencing. Effective May 3, 2023, the relevant provision now states, "A court may, at the request of any participant, or sua sponte, allow the use of videoconferencing technology by any participant in any criminal proceeding." MCR 6.006(A)(2).

At the start of the April 2022 sentencing hearing, which occurred remotely over Zoom, defendant's trial counsel stated on behalf of defendant, "[W]e are consenting to proceeding on Zoom." Defendant did not object to his counsel's statement. Trial counsel intentionally relinquished defendant's right to be physically present at resentencing. See *id*. Defendant argues that trial counsel's waiver was insufficient because defendant himself did not waive his right to be physically present. Defendant cites no authority that establishes trial counsel cannot waive defendant's physical presence on behalf him. Additionally, defendant ignores that he was given an opportunity to make a statement at the resentencing hearing and he declined to do so. The record reflects that the trial court gave defendant the opportunity to make a statement, and he chose not to object to being physically present in the courtroom, despite knowing his counsel had waived his right to be present earlier in the hearing. Therefore, we conclude that defendant knowingly, willingly, and voluntarily waived his right to be physically present at resentencing.

Even if defendant did not waive his right to be physically present, defendant cannot establish that the plain error affected his substantial rights. See *Anderson,* 341 Mich App at 283. Defendant offers no argument challenging the accuracy or validity of his sentence, nor does he suggest any irregularities with the sentencing other than his remote participation. The record reveals that defendant still participated fully in the sentencing hearing, despite not being physically present. Likewise, his counsel addressed the accuracy of the PSIR and advocated for defendant before the trial court issued a sentence in accordance with the sentencing agreement. There is no indication that the trial court could not hear defendant or trial counsel throughout the proceeding. Accordingly, his remote participation did not affect the outcome of the proceeding and there is no indication that it undermined the fairness, integrity, and public reputation of the proceedings. Defendant is not entitled to resentencing.

## IV. CORRECTION TO JUDGMENT OF SENTENCE

Finally, we sua sponte remand for the ministerial task of amending a clerical error in the judgment of sentence. At resentencing, the trial court ordered that defendant's felony-firearm sentence should run consecutively with his second-degree murder sentence, as was mandatory under MCL 750.227b(3). However, the judgment of sentence reflects that defendant's felony-firearm conviction will be served concurrent to his second-degree murder sentence. A clerical error exists in the judgment of sentence when the intent of the trial court can be determined from the sentencing hearing and the parties are aware of the trial court's intent. See *People v Peck*, 481 Mich 863, 864; 748 NW2d 235 (2008) (CORRIGAN, J., concurring); see also 6.435(A). When a clerical mistake is found on the judgment of sentence, the case may be remanded for the administrative task of correcting the error. MCR 6.435(A); MCR 7.216(A)(7). Accordingly, we remand for the correction of the judgment of sentence to reflect the sentence imposed by the trial court.

Affirmed, but remanded for the correction of the judgment of sentence in accordance with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ David H. Sawyer

-4-